## LOVICK ADAMS v. STATE OF FLORIDA

13 So. (2nd) 610                                   January Term, 1943
May 21, 1943                                                  En Banc

*Cyrus W. Fields* and *John Branch,* for appellant.

*J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Assistant Attorney General, for appellee.

BUFORD, C. J.:

Defendant was charged by information with the offense of conducting a lottery described in the first count as "bolita," in the second as "Parlay."

Defendant pled not guilty.

The facts are that two deputy sheriffs entered defendant's place of business in Tampa to arrest him on a certain "Bolita" warrant, from which charge he was later dismissed. While there, the deputies observed the defendant talking over the telephone, a lady standing beside him, and a piece of paper in his hand. One of the deputies heard the defendant calling numbers over the phone. The other deputy could not hear what defendant said. The deputies thereupon arrested him for the sale and possession of Bolita. The paper which they took from his hand had numbers written on it. The paper had been signed by her in defendant's presence and was introduced into evidence. The lady did not testify at the trial.

The jury convicted defendant; the court overruled defendant's motion for a new trial and defendant appealed from the judgment.

The appellant poses two questions which are as follows:

"Did the Court commit error in admitting in evidence, over objection of appellant, the affidavit and warrant for arrest of appellant, for some other charge, and not the charge for which the appellant was being tried?"

"Did not the Court commit error in admitting into evidence, over objection of appellant, the paper writing containing figures taken from appellant, and bearing signature of the woman witness present 'Haisman,' 208 Pierce Street, in absence of instruction that signature and address was not evidence of guilt of purchasing ticket?"

The warrant and affidavit which were introduced in evidence charged an offense alleged to have been commintted on the 16th day of May, 1942, which was prior to the date of the alleged commission of the offense for which appellant was tried and from which conviction this appeal was taken. The admission of these documents in evidence was error and prejudicial to the accused. See Horne v. State, 22 Ala. Ap. 66, 111 So. 452; State v. Whitney, 43 Idaho 745, 254 Pac. 525; Gafford v. State, 79 Fla. 581, 84 So. 602.

On the trial officers were permitted to testify, that Mrs. Haisman in effect had stated in their presence and in the presence of the defendant that she had bought certain numbers which appeared in her handwriting on the slip of paper, from the accused and that those numbers represented numbers in a lottery known as Parlay. Aside from her statement there was no legal evidence that the accused had sold any share or right in a lottery drawing. Mrs. Haisman did not testify at the trial. The testimony of the officers at most could only be considered as a tacit admission of the truth of a statement made in the presence of the accused by Mrs. Haisman and which he then did not deny.

It is elementary that before a confession or admission of guilt may be introduced in evidence the State must first prove the corpus delicti, that is, it must prove that the crime charged had been committed. See 20 Am. Juris, pg. 422,

Sec. 484 and cases there cited. The record fails to establish this fact and, therefore, we find no legal evidence in the record supporting conviction.

Judgment is reversed.

So ordered.

TERRELL, BROWN, ADAMS and SEBRING, JJ., concur.

THOMAS, J., concurring specially.

CHAPMAN, J., not participating:

THOMAS, J., concurring in part:

I agree with the comments of the Chief Justice with reference to the first question but my view is that his observations about the testimony of the witness, Mrs. Haisman, are not relevant to the second question.