72 So.2d 785 (1954)
McELVEEN et al.
v.
STATE.
Supreme Court of Florida. En Banc.
May 7, 1954.
Rehearing Denied June 11, 1954.
M.H. Jones, Clearwater, for appellants.
Richard W. Ervin, Atty. Gen., and Bart L. Cohen, Asst. Atty. Gen., for appellee.
THOMAS, Justice.
We will not soil the pages of our reports with the details of the sordid crime which these defendants confessed they committed.
The appellants question the sufficiency of the evidence to establish the corpus delicti as a basis for the introduction of the confessions. There is no need to reiterate the reasons for the rule that a "confession should not be received in evidence * * * unless there is at least some prima facie proof of the corpus delicti." Keir v. State, 152 Fla. 389, 11 So.2d 886, 888. The commission by someone of the crime charged need not be proved beyond a reasonable doubt to make the confession admissible, but it is enough if the evidence tends to show that the crime was committed. Graham v. State, 153 Fla. 807, 16 So.2d 59.
In the instant case the State met the requirement. The position of the men when discovered by the police, the condition of their bodies, the nature of their clothing, and their location in a secluded spot at one or two o'clock in the morning tended to show that the crime charged was committed.
The judgment is 
Affirmed.
ROBERTS, C.J., and TERRELL, SEBRING and MATHEWS, JJ., concur.
DREW, J., and WISEHEART, Associate Justice, dissent.
DREW, Justice (dissenting).
Much more is involved here than the guilt or innocence of two mature men charged with a repulsive crime. A principle of law that is basic in our jurisprudence is involved. In fine, it is that principle which prohibits punishment for crime on a naked confession without additional proof of the corpus delicti. If this principle of law had been as deeply imbedded in the jurisprudence of some other countries as it is in our own there is little doubt that many who are now dead would be living and many innocent people now rotting in the dungeons of many foreign prisons would be free.
Standing alone, the evidence of the State established only a suspicion that these men may have committed some sort of offense. In my judgment there was no legal proof, direct or circumstantial, that proved or *786 tended to prove the offense charged in the information was committed.
Every normal impulse is to affirm these convictions where the confessions in the record before us so clearly establish that the crime was committed. These confessions definitely tend to blur our vision and it is difficult to see the real question which lies beyond. It was said long ago that ours is a government of laws and not of men. The real purpose of courts is to keep it so.
I would reverse the judgments.
WISEHEART, Associate Justice, concurs.