117 So.2d 548 (1960)
Quentin Earl WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 1364.
District Court of Appeal of Florida. Second District.
January 13, 1960.
Nance & Poling, Fort Lauderdale, for appellant.
Richard W. Ervin, Atty. Gen., and Irving B. Levenson, Asst. Atty. Gen., Coral Gables, for appellee.
*549 LOVE, WILLIAM K., Associate Judge.
Sole issue in the determination of this cause is whether or not there was adequate proof of corpus delicti of larceny to justify the admission into evidence of an oral confession by the defendant.
The defendant Williams, and Kenneth Clayton Wallace were charged with stealing goods valued in excess of $100 belonging to Arthur J. Rose, doing business as Rose Cement Supply Company, on January 17, 1959. A third defendant, Charles Porter, was charged with receiving the stolen property on the same date. The three causes were consolidated for trial. During the trial, the State nolle prossed the case against Charles Porter; and at the close of the trial, the jury found Kenneth C. Wallace not guilty. Thus, this appeal concerns only Williams.
The record indicates that up to approximately one month prior to the date of the alleged crime, Williams had been employed by Rose Cement Supply Company as a contract hauler. The business was a partnership, operated in Broward County, selling cement from a centrally located sales office and warehouse, but maintaining its larger stocks at the port in that county. Testimony established that, on the date of the alleged crime, the defendant Williams appeared with his truck at the warehouse and that his truck was loaded with some one hundred eighty bags of Snocrete, a product for which the owner was the exclusive distributor in that area. The business custom and procedure required that the dispatcher issue delivery slips in quadruplicate, the original being retained in the office and the remaining copies being given to the hauler to be receipted by the consignee. The employee who loaded the defendant's truck testified that he saw no delivery slip given to the defendant at the time of the loading, although such slip could have been given outside his presence. No record was found of the issuance of such slips for the date of the alleged theft.
Snocrete was found in the storage yard of a consumer. This Snocrete could not, however, be identified as having been the property of Mr. Rose. The consumer, Mr. Osborne, testified that he purchased one hundred thirty bags of Snocrete which were delivered by defendant Williams and for which he paid $1.50 per bag, although the general price at that time was $2.00 per bag. Mr. Osborne was called by telephone by an unidentified person and asked if he could use some cement. He did testify that no ticket was given him and that he did not know from whom the property was acquired other than that it was delivered by Williams, and he made the check for payment to the wife of the defendant Williams.
After the foregoing facts were established the jury was dismissed, and subsequent to considerable argument, a defense motion for a directed verdict was denied.
The main issue raised by the defendant on appeal concerns the admission into evidence at this stage of the proceedings of testimony concerning a confession of the defendant purportedly made to Mr. Rose in the presence of Rose's attorney, C. Shelby Dale. The record discloses that on the evening of the date of the alleged theft, Mr. Rose called the defendant Williams to his office at 7:00 p.m. At that time Rose accused the defendant of stealing the cement that morning, whereupon according to the testimony of Dale, the defendant, after first denying knowledge, admitted to disposing of the missing cement.
The corpus delicti in a charge of larceny consists of two elements: (1) that the property was lost by the owner; and (2) that it was lost by a felonious taking or, more explicitly, that the property was taken without the consent of the owner and with the requisite felonious intent. See 20 Fla.Jur., Larceny, section 58, and cases cited therein. It must be shown that the specific crime charged has been committed, but it is not necessary that the corpus delicti be proved beyond a reasonable doubt in order to introduce a confession or admission. *550 Adams v. State, 153 Fla. 68, 13 So.2d 610; Lambright v. State, 34 Fla. 564, 16 So. 582; McElveen v. State, Fla. 1954, 72 So.2d 785. Thus when the corpus delicti has been prima facie proved by either positive or substantial evidence, the confession of the defendant is admissible and may be considered and weighed along with other competent evidence. Groover v. State, 82 Fla. 427, 90 So. 473, 26 A.L.R. 373, 375; Cross v. State, 96 Fla. 768, 119 So. 380; and see also Sciortino v. State, Fla.App. 1959, 115 So.2d 93, citing and discussing the above cases.
The evidence admitted into the case was sufficient, in the opinion of this court, to justify the verdict of guilty. The judgment appealed from is therefore affirmed.
KANNER and SHANNON, JJ., concur.