BARKDULL, Judge.
Upon this appeal, the appellant seeks review of a judgment and sentence of 6 months to 2 years, entered as a result of his conviction of grand larceny in the Criminal Court of Record in and for Dade County, Florida.
Several errors were assigned, which there is no necessity of discussing, save as to the question of whether or not the State had sufficiently established the “corpus delicti” of the crime charged against the defendant to permit introduction into evidence of his alleged confession. A detailed examination of the record discloses that at best the State had only established that a crime or offense may have been committed by another, but there was no direct testimony which would have tended to prove the specific crime of grand larceny charged against the defendant, appellant herein. Therefore, it appears that it was inappropriate to permit the alleged confession to the law enforcement officer to be introduced into evidence. See: Sciortino v. State, Fla.App.1959, 115 So.2d 93, wherein, in speaking of a similar situation, Judge Allen had the following to say:
“ * * * Direct evidence of one offense may not be used as proof of corpus delicti of another crime.
“[5-9] We conclude that the following principles of corpus delicti have been established by the decisions of the Florida Supreme Court:
“1. It must be shown that the specific crime charged has been committed. Adams v. State, 153 Fla. 68, 13 So.2d 610.
“2. It is not necessary that the corpus delicti be proved beyond a reasonable doubt in order to introduce a confession or admission. Lambright v. State, 34 Fla. 564, 16 So. 582; McElveen v. State, Fla.1954, 72 So.2d 785.
“3. The confession should not be received in evidence unless there is some prima facie proof of the crime charged. Smith v. State, 93 Fla. 238, 112 So. 70; McElveen v. State, Fla.1954, 72 So.2d 785.
*486 “4. The specific crime charged must be prima facie established and it cannot be inferred that because some crime was committed that the specific crime involved in the prosecution took place. Rowe v. State, Fla.1955, 84 So.2d 709.
“5. When the corpus delicti has been prima facie proved by either positive or substantial evidence, the confessions of the defendant are admissible and may be considered and weighed together. Groover v. State, 82 Fla. 427, 90 So. 473, 26 A.L.R. 373; Holland v. State, 39 Fla. 178, 22 So. 298.”
“This case is reversed for a new trial.”
Therefore, no evidence appearing in the record to sustain the conviction of the appellant, separate and apart from the alleged confession [which we hold was erroneously introduced into evidence],, the judgment and sentence here under review is hereby reversed for a new trial.
Reversed.