LEE, THOMAS E., Jr., Associate Judge
(dissenting).
I concur with the conclusions of law announced in the majority opinion as it relates to the law of corpus delicti and larceny. Plowever, I respectfully dissent from the reversal of the order granting a new trial for the reasons hereinafter set forth:
The State failed to present sufficient proof of the corpus delicti independent of the admissions of the defendant to warrant submission of the case to the jury. As the majority points out, when an extra-judicial statement of the defendant is involved, the question of sufficiency of proof of the corpus delicti arises at two times during the trial. The first time is when some evidence of the corpus delicti has been established and the confession or admission is sought to be introduced into evidence. The judge must then determine on whether the elements of the corpus delicti have been prima facie established. As was said in Williams v. State, Fla.App.1960, 117 So.2d 548, 550:
“Thus when the corpus delicti has been prima facie proved by either positive or substantial evidence, the confession of the defendant is admissible and may be considered and weighed along with other competent evidence. Groover v. State, 82 Fla. 427, 90 So. 473, 26 A.L.R. 373, 375; Cross v. State, 96 Fla. 768, 119 So. 380; and see also Sciortino v. State, Fla.App.1959, 115 So.2d 93, citing and discussing the above cases.”
However, as the majority opinion points out, if the trial judge prematurely admits the admission or confession prior to proof of the corpus delicti, this error will be cured by the subsequent introduction of additional proof of the corpus delicti independent of the admission or confession of the defendant. This proof aliunde must be sufficient to have justified the introduction of the admission or confession in the first instance. Smith v. State, 135 Fla. 835, 186 So. 203; Holland v. State, 39 Fla. 178, 22 So. 298; Parrish v. State, 90 Fla. 25, 105 So. 130; 23 C.J.S. Criminal Law § 1046. Accordingly, the second time the sufficiency of the proof of the corpus delicti arises is at the close of the trial. The court must decide at that time whether the evidence of the corpus delicti is prima facie sufficient to allow the confession to go to the jury to be considered along with the other evidence. Lambright v. State, 34 Fla. 564, 16 So. 582; Sciortino v. State, Fla.App.1959, 115 So.2d 93. The State failed to prove prima facie either before or after the introduction of the admission of the defendant, as essential element of the corpus delicti by “positive or substantial evidence” that the property charged in the information was lost by the owner. See Williams v. State, supra; Harper v. State, Fla.App.1962, 141 So.2d 606; Gray v. State, Fla.App.1963, 152 So.2d 485.
The evidence independent of the admissions shows that employees of the nursing home turned over to the defendant Hodges money which was reported found in Powell’s room and in a wastepaper basket on the first floor nurses’ desk; that Hodges gave the money to Keller who counted it out as $2,020.00 and deposited the money the next day in the bank and had an escrow *365 account set up for Powell in the amount of $2,020.00. This evidence totally fails to show that Powell had $2,020.00 or that it was lost by him.
The majority opinion bases its finding that there was sufficient proof that the property was lost by the owner because the money appeared the same day Powell arrived, that it was deposited and treated by Keller as Powell’s and that Keller later filed notice to the probate court that he had money which he presumed belonged to Powell. In my opinion, to say that these facts show that the money in question was owned by and lost by Powell is pyramiding an inference on an inference or a presumption on a presumption. It is well established that the corpus delicti cannot be established by pyramiding presumptions upon presumptions or an inference on an inference. See Rowe v. State, Fla., 84 So.2d 709; Jefferson v. Sweat, Fla., 76 So.2d 494; Jenner v. State, Fla.App.1964, 159 So.2d 250. As it was said in Jefferson v. Sweat, supra, 76 So.2d at page 499:
“It is well established that the basis of presumption must be a fact and that one presumption cannot be the basis of another presumption. * * * The fact that a crime has been committed, or corpus delicti, cannot be established by a presumption.”
The reason why it is necessary to have independent proof of the corpus delicti other than the admissions or confessions of the defendant to support a conviction is that such extra-judicial statements are frequently untrustworthy and inaccurate. See 103 University of Pennsylvania Law Review, Page 638, 35 Temple Law Quarterly, Page 208. In this case, for example, the evidence shows that only $350.00 was found on Powell’s person at Jackson Memorial Hospital the day he was transported to the rest home. In absence of sufficient prima facie proof that Powell had the money in question and that it was stolen from him, the possibilities of its origin are numerous. While it is true that the corpus delicti may be proved by circumstantial evidence, when such evidence is relied on to prove a fact it must be consistent with guilt and inconsistent with innocence. As was said in reversing a larceny conviction based on circumstantial evidence in Harrison v. State, Fla.App.1958, 104 So.2d 391, at page 394.
“If the facts in proof are equally consistent with some other rational conclusion than that of guilt, the evidence is insufficient. If the evidence leaves it indifferent as to which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be.”
Also see State v. Trafficante, Fla.App. 1961, 136 So.2d 264; Adams v. State, Fla.App.1958, 102 So.2d 47, for a discussion of the sufficiency of circumstantial evidence. Also see Freeman v. State, Fla.App.1958, 101 So.2d 887, wherein it was said at page 888:
“The corpus delicti may be established either by direct or circumstantial evidence. When circumstantial evidence is resorted to, the proof must be the most convincing, satisfactory, and unequivocal proof that is compatible with the nature of the case. Regardless of whether the evidence is direct or circumstantial, the proof of the component elements of the corpus delicti must be established beyond a reasonable doubt.”
I am of the opinion that the trial judge was correct in granting a motion for new trial for the sole reason that the State failed to sufficiently prove the corpus delicti independent of the admissions of the defendant. However, there are other reasons equally cogent why I would affirm the order of the trial judge granting a new trial.
The State orally agreed before trial to produce for inspection pursuant to F.S. 909.18 (now F.S. § 925.04, F.S.A.) all of the *366 documentary evidence which it intended to introduce at trial. The state purported to produce all documentary evidence when in fact some material documents were withheld. The documentary evidence consisted of purported admissions by the defendant which were obviously material and would have had an effect upon the preparation of the defendant’s defense. The documents were allowed into evidence over strenuous objection of defense counsel. The trial judge in his order granting a new trial recognized the error but concluded that it was not in itself prejudicial enough to warrant a new trial on that ground alone. Where there was no formal order or stipulation entered into pursuant to F.S. 909.18 (now F.S. § 925.04, F.S.A.) regarding the production of physical evidence, the State Attorney lulled defense counsel into believing he had produced all documentary evidence without the necessity of a formal order when in fact he was withholding material evidence from defendant’s counsel.
The State Attorney is a constitutional officer. It is his duty to see that justice is done. Smith v. State, Fla., 95 So.2d 525. It is my view under the circumstances, the failure of the State Attorney to produce all the material documentary evidence seriously prejudiced the defendant’s case and was in my opinion sufficient ground upon which to award a new trial.
Perhaps the most damaging error committed by the trial judge in my opinion was the violation of F.S. § 918.09, F.S.A., which protects the defendant from comments by the prosecuting attorney of his failure to take the stand. Florida Statute § 473.15, F.S.A., provides that all communications between an accountant and his client are privileged and it cannot be waived unless such waiver is in writing. During the course of the trial the state elicited testimony from a witness that the defendant Hodges had withdrawn permission for his CPA to testify at the trial.
"By inviting the jury’s attention to the fact that the defendant Hodges had withdrawn his accountant’s permission to testify, it was tantamount to a comment on the failure of the defendant to take the stand. Numerous decisions in Florida have reversed convictions for new trial due to any inroads into the statute’s protection. See for example Tolliver v. State, Fla.App. 1961, 133 So.2d 565, wherein a criminal conviction for a new trial for violation of the statute was ordered. The court said at page 566:
“This statute, or its predecessors have been a part of the law of this State since 1853, and affords an accused protection from any comment, either directly or indirectly, by the prosecution on his failure to take the stand in his own defense. This is so because if an accused does not take the stand and the State is permitted to comment on such failure in closing argument this, in effect, makes the accused a witness against himself, contrary to § 12 of the Declaration of Rights of the Florida Constitution, F.S.A. A review of the decisions of the appellate courts of this State discloses that they have been ever alert to prevent any violation of either the letter or the intent of § 918.-09, Fla.Stat.1959, F.S.A.’’
The prohibition of F.S. § 918.09, F.S.A., has been extended in Florida to encompass comment on the failure of one other than the accused to take the stand. In Harper v. State, Fla.App.1963, 151 So.2d 881, at the trial of three defendants, the prosecuting attorney commented upon the failure of one of the defendants Rogers to take the stand. After the conviction of the three defendants, one of the defendants Harper appealed. Ordering a reversal granting a new trial due to the comment of the prosecuting attorney the court said at page 882:
“In short, the prosecutor commented on the co-defendant Rogers’ failure to testify. Appellant Harper argues that this indirectly was attributable to him as well as his co-defendants, that it can *367 reasonably be calculated to have raised questions in the jurors’ minds as to his, as well as Rogers’ failure to testify and that it was grounds for mistrial or, in the instant appeal, for reversal and a grant of a new trial.
“The statutory prohibition against comment upon an accused’s failure to testify has been zealously enforced by the Supreme Court of Florida. Indirect comment and comment by implication, as well as direct comment, have been held proscribed. Fla.Stat. § 918.09, F.S.A.; Gordon v. State, Fla.1958, 104 So.2d 524, 539-541. See King v. State, Fla.1962, 143 So.2d 458, 464 (concurring opinion).”
See People v. Afarian (1951), 202 Misc. 199, 108 N.Y.S.2d 533, wherein it was held reversible error to call attention to the fact that a defendant wife failed to produce her husband since a privileged relationship existed between the husband and wife.
The fact that the judge instructed the jury to disregard the comment is of no effect. Florida has aligned itself with the courts that hold that any comment in violation of this statute is incurable by jury instruction. See Rowe v. State, 87 Fla. 17, 98 So. 613; Gordon v. State, Fla., 104 So. 2d 524.
Accordingly, it is my opinion that the comment by the prosecuting attorney accomplished indirectly what he could not do directly under F.S. 918.09 and is sufficient to constitute reversible error and warrant a new trial.
In conclusion, and perhaps the most important reason to me for affirming the trial judge’s order is that there must be clear and convincing error before the order of an experienced trial judge granting a new trial should be reversed. It is axiomatic that the courts will with great hesitation reverse an order granting a new trial by a trial judge who heard and conducted a trial which he has set aside. In State v. Trafficante, Fla.App.1961, 136 So.2d 264, the State appealed from an order granting a new trial. The case was affirmed in part and reversed in part. The District Court of Appeal, Second District, in affirming the granting of a new trial said at page 268:
“In deciding whether the awarding of a new trial was justified, we as an appellate court are bound by the principle expressed in Cloud v. Fallis, Fla.1959, 110 So.2d 669, that a motion for new trial is directed to the sound, broad discretion of the trial judge and that the granting of such a motion should not be disturbed in the absence of a clear showing that this discretion has been abused.”
In Cloud v. Fallis cited in Trafficante, supra, the Florida Supreme Court stated at page 673:
“When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, Poindexter v. Seaboard Air Line R. Co., Fla., 56 So.2d 905, Mead v. Bentley, Fla., 61 So. 2d 428, who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached, Pyms v. Meranda, Fla., 98 So.2d 341. * * *
“Inasmuch as such motions are granted in the exercise of a sound, broad discretion the ruling should not be disturbed in the absence of a clear showing that it has been abused. Dent v. Margaret Ann Super Markets, Fla., 52 So.2d 130; Geffrey v. Langston Const. Co., Fla., 58 So.2d 698; Pyms v. Meranda, supra.”
For the reasons above stated I would affirm the order of the trial judge granting a new trial and accordingly feel compelled to dissent from the majority opinion in this case reversing the order granting a new trial.