CARROLL, DONALD K., Acting Chief Judge.
The appellant was tried and found guilty of the offense of conspiracy to commit murder in the first degree, and has appealed from the judgment of conviction entered by the Court of Record of Escambia County.
The sole question for our determination in this appeal is whether, under the circumstances of this case, the defendant’s implied admission of guilt sufficiently proves the corpus delicti as a basis for the admission of the defendant’s confession.
The rule is elementary in Florida criminal jurisprudence that “before a confession or admission of guilt may be introduced in evidence the State must first prove the corpus delicti, that is, it must prove that the crime charged had been committed.” Adams v. State, 153 Fla. 68, 13 So. 2d 610 (1943). See also 20 Am.Jur., Evidence, Sec. 484, and the cases cited therein. The corpus delicti in the instant case, of course, is the corrupt agreement or conspiracy to commit murder in the first degree, as charged by the information.
The defendant was charged by information under Section 833.03, Florida Statutes, F.S.A., with the crime of conspiring with Charles Gollub, her son by a previous marriage, to commit murder in the first degree by killing Joseph V. Mikita, her second husband.
According to the evidence at the trial: Gollub tried to employ one Lester Pooley to commit the murder, and Pooley introduced him to one Floyd Rose, a Deputy Sheriff of Escambia County, as a suitable “trigger man.” Gollub was arrested and confessed, but he was not charged as a co-defendant with the appellant, being held in a separate procedure; nor did he testify at the appellant’s trial.
Pooley testified at the trial that Gollub had tried to hire him, but that he, Pooley, had had no contact with the appellant.
The appellant’s confession was offered in evidence by the State, but the trial court refused to receive it for the reason that the corpus delicti had not been proven. The State then called as witnesses the officers who had taken Gollub’s confession, stating that he and the appellant had agreed to effect her husband’s death; and that the appellant was present when her son’s statement was taken but she did not deny its truth. Thereupon the trial court ruled that this implied admission on the appellant’s part proved the corpus delicti, so that the appellant’s formal confession became admissible. Upon this reasoning the court admitted her confession in evidence over her objection, and rendered the judgment of conviction. The validity of this ruling is the issue on this appeal. Except for the accused’s said implied admission, there was no evidence at the trial concerning the conspiracy between the appellant and Gollub.
The appellant’s sole contention in her appellate brief is that her implied admission *63 of guilt, derived from her failure to deny the truth of Gollub’s confession, cannot be sufficient proof of the corpus delicti as the basis for the admission of her confession, under the Florida rule requiring such proof. In support of her position the appellant mainly relies upon the decision of the Supreme Court of Florida in Adams v. State, 153 Fla. 68, 13 So.2d 610 (1943).
In the just-mentioned case the defendant, Adams, was charged by information with the offense of conducting a lottery, described in one count as “bolita” and in the other as “parlay.” He pleaded not guilty. At the trial officers were permitted to testify that a Mrs. Heisman had stated in their presence and in the presence of Adams in the latter’s place of business that she had bought from Adams certain numbers which appeared in her handwriting on a slip of paper then held in one of Adams’ hands and that those numbers represented numbers in a lottery known as parlay; that Adams did not then deny her statement. Aside from the said statement, there, was no legal evidence that Adams had sold any share or right in a lottery drawing. Mrs. Heisman did not testify at the trial. The Supreme Court held in effect that this testimony concerning the statement made by Mrs. Heisman in Adams’ presence and not then denied by him, was not sufficient legal evidence of the corpus delicti to provide the basis for the introduction into evidence of Adams’ confession or admission, the court declaring:
“It is elementary that before a confession or admission of guilt may be introduced in evidence the State must first prove the corpus delicti, that is, it must prove that the crime charged had been committed. See 20 Am.Juris. pg. 422, Sec. 484, and cases there cited. The record fails to establish this fact and, therefore, we find no legal evidence in the record supporting conviction.”
In our opinion, the legal situation in the Adams case is so closely comparable to that in the instant case that the holding in that case is decisive of the present appeal. That decision and our holding herein are in harmony with what appears to be-the general view in other jurisdictions that the extra-judicial admissions, declarations, and confessions of an accused are not of themselves sufficient to establish the corpus de-licti (see 23 C.J.S. Criminal Law, § 916(3), page 628).
In its brief the State answers the foregoing contention of the appellant by declaring that the decisions of the courts in cases like Adams v. State, supra, cannot be considered decisive in a conspiracy case like the present one because the crime of conspiracy occupies “an unusual position in the law”; and “due to the extreme difficulties presented in proof of this crime, the State is given every reasonable latitude.” The only authority cited by the State for this proposition is a paraphrase of a statement in 11 Am.Jur., Conspiracy, Sec. 42, relating to the discretion of the trial court in conspiracy cases as to the order of proof, a question not involved in the present appeal.
One of the best methods of determining the applicability of any rule to a given state of facts is, of course, to examine those facts in the light of the purpose of, or the reason for, the particular rule. In several decisions in other jurisdictions, the courts have recognized that the purpose of the rule requiring proof of the corpus delicti before receiving in evidence the accused’s confession is to protect an accused against the possibility that fabricated testimony might wrongfully establish the crime and the perpetrator. For instance, the Supreme Court of California held in People v. Cullen, 37 Cal.2d 614, 234 P.2d 1 (1951):
“It is the settled rule, however, that the corpus delicti must be established independently of admissions of the defendant. * * * The purpose of the rule is to protect the defendant against the possibility of fabricated testimony *64 which might wrongfully establish the ■crime and the perpetrator.”
Similarly, the underlying reason for the rule, said the Supreme Judicial Court of Maine, State v. Hoffses, 147 Me. 221, 85 A. 2d 919 (1952), “rests in the desire to safeguard against the possibility of a conviction for an alleged crime not, in fact, committed.”
While we have not specifically made a study of the historical background of the corpus delicti rule, we are disposed to think that the rule arose out of the necessity to protect persons who, for reasons of conscience, guilt complex, religious belief, or otherwise, wish to be punished for a crime that never occurred. No system of justice, like that which developed in Great Britain and the United States, could tolerate the ■spectacle of convicting and punishing a person for a crime that had not been committed.
The rule requiring independent proof of the corpus delicti before an accused’s confession can be received in evidence, would be subverted if the courts were to permit evidence, of another admission or confession of the same accused to ■constitute such proof. In the present case the appellant’s failure to deny the statement made by Gollub was at most an implied admission of guilt on her part, so that proof of such admission cannot, in our opinion, constitute the proof of the corpus de-licti required by the rule in question before lier confession can be properly received in ■evidence.
We hold, therefore, that the appellant’s position in this appeal is well-founded upon the decision in Adams v. State, supra, as well as upon the above consideration of the purpose of, and reason for, the corpus de-licti rule. Accordingly, the judgment appealed from herein must be and it is
Reversed.
WIGGINTON, J., and WILLIS, BEN <C, Associate Judge, concur.