176 So.2d 91 (1965)
Harold HODGES, Petitioner,
v.
The STATE of Florida, Respondent.
No. 33881.
Supreme Court of Florida.
June 9, 1965.
Milton M. Ferrell, Henry R. Carr, G. David Parrish, Paul A. Louis, Bertha Claire *92 Lee and Sinclair, Barfield & Louis, Miami, for petitioner.
Earl Faircloth, Atty. Gen., Reeves Bowen, Asst. Atty. Gen., Richard E. Gerstein, State Atty., and Roy S. Wood, Asst. State Atty., for respondent.
PER CURIAM.
We go immediately to the opinion of the District Court of Appeal, Third District, for a resume of the facts with which that tribunal dealt when it reversed the order of the Criminal Court of Record of Dade County granting the present petitioner a new trial after his conviction of grand larceny.
The petitioner and one Gerald D. Keller were charged with the crime. Keller was acquitted.
The motions for Hodges for a new trial were based on many grounds, some of them stereotyped, but there is no need to analyze them because the trial judge focused his ruling on the complaint "that the State had failed to prove the corpus delicti independently of admissions and statements of the defendants," to quote from his order, and to stress the point, he observed that in the trial, relying on representations of the prosecution that the corpus delicti would be established independently of such admissions and statements the Court admitted into evidence "oral admissions and statements of the defendants." He concluded that in such a situation he should have granted the motions of the defendants for a directed verdict in their favor. This is, indeed, a forceful showing by the judge, who having conducted the trial, and being thoroughly familiar with its atmosphere and progress, that he had been, no doubt inadvertently on the part of the prosecution as well as himself, led into an error which he was impelled to rectify.
Now, back to the delineation of the facts as it appeared in the opinion of the District Court of Appeal and as we understand it from the record, briefs, and argument of counsel. The defendants were proprietors of a convalescent home. Hodges was president and manager; Keller was Secretary; one Powell was an inmate of the place. In some way which is not clear to us, the sum of $2020 was produced as the property of Powell, said to have been found "in and about Powell's personal effects and in his room." An employee, who did not testify, brought the money to Hodges who delivered it to Keller. The following day Keller, not Hodges, placed the money in a bank and it was noted on the books of the home as an escrow account of Powell.
Eventually Hodges sold his interest in the home to Keller and Keller then re-deposited the money in a bank and delivered the sum to the probate court for administration as an asset of Powell's estate, Powell having meanwhile died.
Noting in the opinion, as we have already remarked, that the person who served as carrier of the money to Keller had failed to testify, it was written that the origin of the funds "was established through admission against interest by Hodges [who did not testify] and by certain other direct and circumstantial evidence."
The State had argued before the District Court of Appeal that the trial court had erred by holding that the corpus delicti must be proved independently of admissions by the defendants and that in the instant case it was proved by admissions "plus other evidence."
The decision in Cross v. State, 96 Fla. 768, 119 So. 380, to which the District Court of Appeal referred, seems to us now as sound as when it was written 37 years ago. It re-announced the rule appearing in Groover v. State, 82 Fla. 427, 90 So. 473, 26 A.L.R. 373, that while the corpus delicti cannot be established by a confession alone, confessions and admissions may be considered in connection with other evidence to establish it and that it is not necessary in larceny cases that it be proved independently *93 of evidence pointing to the accused as perpetrator of the crime. It is significant that as a prerequisite to the introduction of a confession the corpus delicti need be established only prima facie, but in the end it must be proven beyond a reasonable doubt to sustain a conviction.
As we construe the trial judge's order in the light of the authority cited in the opinion of the District Court of Appeal, and in this one, he did hold flatly that the corpus delicti had to be proved independently of admissions, that is to say, exclusive of admissions.
If the two relevant paragraphs are considered in pari materia, as they should since they dealt with the only feature of the case which the judge thought justified a new trial, we have the conviction that he had admitted in evidence statements and admissions on the assurance by the State that the corpus delicti would be independently, prima facie, established so that the whole testimony and evidence could be weighed by the jury to determine whether or not the corpus delicti and the other essential elements of the offense had been proved beyond a reasonable doubt. It is implied that the assurances of the State did not materialize.
As is indicated in Parrish v. State, 90 Fla. 25, 105 So. 130, evidence may be conditionally admitted and though ordinarily evidence of a confession should not be admitted in advance of prima facie proof of the corpus delicti if this occurs and "additional proof of the corpus delicti is afterwards introduced, independent, of the confession, which prima facie established the corpus delicti and would have justified the admission of such confession, the technical error in prematurely admitting the confession will be cured."
We think the proper construction of the judge's order granting the motion for new trial is that he indulged the State the introduction of the evidence in inverse order than at the conclusion of the trial felt that the State had failed to show the corpus delicti prima facie either before or after the introduction of the admissions. That he thought so strongly is demonstrated by his announcement that at the conclusion of the testimony he should have granted motions for a directed verdict of acquittal.
We are asked to take jurisdiction in this case on grounds of alleged conflict with a long list of decisions of this Court and of the other district courts of appeal. We have carefully examined them all and hold that the ruling of the Court of Appeal in this case to the effect that the confession or admission of the defendant may be considered along with independent evidence in establishing the prima facie corpus delicti necessary to justify admission of a confession into evidence conflicts, on essentially similar facts, with the following cases: Rowe v. State, Fla. (1955) 84 So.2d 709; Adams v. State (1943) 153 Fla. 68, 13 So.2d 610; Keir v. State (1943) 152 Fla. 389, 11 So.2d 886; Deiterle v. State (1931) 101 Fla. 79, 134 So. 42; Sciortino v. State, Fla. App., 2nd Dist. (1959) 115 So.2d 93 and Alexander v. State, Fla.App., 2nd Dist. (1958) 107 So.2d 261. All of these cases held it error to receive in evidence a confession or admission when the corpus delicti, that is, that the crime charged had been committed, could be established only by the confession or admission.
It is obvious, from even no more than a reading of the opinion of the Court of Appeal in this case, that the fact that the crime of larceny had occurred could not be established by the other evidence introduced without the aid of the admission.
We, therefore, hold that this Court has jurisdiction, and that the decision of the District Court of Appeal is hereby quashed with directions to remand the cause to the trial court to proceed to a new trial.
DREW, C.J., and THORNAL, O'CONNELL and CALDWELL, JJ., concur.
*94 THOMAS, J., concurs specially.
THOMAS, Justice (concurring specially).
I am unable to discover the conflict which would vest jurisdiction in this court, but inasmuch as the majority are of a contrary view I concur in the view that the petitioner should receive a new trial.