345 So.2d 856 (1977)
STATE of Florida, Appellant,
v.
Margaret Louise SNOWDEN, Appellee.
No. BB-435.
District Court of Appeal of Florida, First District.
May 11, 1977.
*857 Robert L. Shevin, Atty. Gen., Donald K. Rudser, Asst. Atty. Gen., for appellant.
Miriam M. Ptomey, Pensacola, for appellee.
BOYER, Chief Judge.
The State here appeals an order granting a defendant's motion to dismiss filed pursuant to Fla.R.Crim.P. 3.190.[1]
The information charged that the defendant, appellee here, "did, by her act, procurement and culpable negligence, inflict upon Wendy Mozell Snowden wounds and injuries which resulted in the death of said Wendy Mozell Snowden, a human being, by dropping the child to the floor causing its death, in violation of Florida Statute 782.07."
The defendant's motion to dismiss alleged, and the trial judge in the order here appealed found, that the State had no proof of the corpus delicti of the criminal offense of manslaughter.
The facts are not in dispute. It is the sufficiency of the facts and their application which gives rise to the issues now raised.
We elect to approach resolution of this case by a multistep process, first determining whether the undisputed facts which were before the trial judge when he entered the order of dismissal were sufficient under the law "tending to prove" the corpus delicti of manslaughter[2] without reference to statements made by the defendant.
Excluding those statements the record reveals, without contradiction, that on the afternoon of Monday, November 11, 1975, the defendant was in her home with her two-month-old illegitimate child, Wendy. Sometime in excess of one hour thereafter *858 defendant asked her neighbor Ms. Caudle if defendant could borrow Ms. Caudle's car and if Ms. Caudle would watch defendant's other child Becky. Ms. Caudle inquired about Wendy and was told that defendant's cousin had her. Ms. Caudle's car broke down about a half a block away and defendant then borrowed a car from one Carl. Defendant's cousin did not in fact have Wendy and a careful search of defendant's residence and surroundings failed to reveal any signs of the two-month-old child.
In order to establish the corpus delicti in a homicide case it is necessary to prove the fact of death, the criminal agency of another person as the cause thereof and the identity of the deceased.[3] However, in order to avoid dismissal upon appropriate motion pursuant to the rule it is not necessary that the proof then be beyond a reasonable doubt, it being sufficient if prima facie proof of the corpus delicti is made.[4]
Corpus delicti is a latin phrase literally meaning "the body of the crime" and the phrase is generally used in legal writings to mean the elements legally necessary to show that a crime has been committed. The corpus delicti may be proved by circumstantial evidence.[5]
It therefore becomes readily apparent that the facts above recited, standing alone, do not prima facie establish a corpus delicti of manslaughter. Accordingly, we must determine whether the statements of the accused should properly have been considered by the trial judge in passing on the motion to dismiss.
In Jefferson v. State, supra, the Supreme Court of Florida said:
"In order to establish the corpus delicti in a homicide case, it is necessary to prove three elements: first, the fact of death; second, the criminal agency of another person as the cause thereof; and third, the identity of the deceased person." [citations omitted]
"In dealing with cases of homicide involving an issue of corpus delicti, it is necessary to remember that the term corpus delicti encompasses a dual aspect. On the one hand, there is the requirement that there be sufficient evidence introduced by the State tending to prove the three essential elements of corpus delicti before the jury will be permitted to consider any admission or confession of the defendant. When the term is used in this sense there is no requirement for proof of the elements beyond a reasonable doubt. It is enough if the evidence tends to show that the crime was committed, the only question being whether the evidence of corpus delicti is prima facie sufficient to authorize the admission or the confession. [citations omitted] * * *
"The second requirement regarding corpus delicti is that at the conclusion of all the evidence in a particular case there must be proof beyond a reasonable doubt of the essential elements of the corpus delicti. Lee v. State [96 Fla. 59, 117 So. 699] supra; Hulst v. State [123 Fla. 315, 166 So. 828] supra. This, of course, is a question for the jury upon proper instructions from the trial judge, and in making this determination they are permitted to consider all the evidence in the case the only limitation being that a confession or admission standing alone is insufficient to prove the corpus delicti. 13 Fla.Jur., Evidence, Section 430 and cases cited there."[6]
In a later case, and in a different context, the Supreme Court stated:
"* * * while the corpus delicti cannot be established by a confession alone, confessions and admissions may be considered in connection with other evidence to establish it * * *."[7]
*859 In a more recent case involving an alleged manslaughter[8] the Supreme Court of Florida, quashing an opinion of this Court, said:
"* * * we reaffirm that circumstantial evidence may be presented prior to admission of a defendant's confession in order to establish the occurrence of the necessary elements of the alleged crime. We also reject the implication in the District Court's opinion that identification of the defendant as the guilty party is a necessary predicate for the admission of a confession."[9]
It is preferable, the same opinion states, that the occurrence of a crime be established before any evidence is admitted to show the identity of the guilty party. Holding that the corpus delicti of the crime may be proved by circumstantial evidence as a condition precedent to introduction of a confession the author of the same opinion said:
"* * * We are well aware that varying interpretations of circumstantial evidence are always possible in a case which involves no eye witnesses. Circumstantial evidence, by its very nature, is not free from alternate interpretations. The state is not obligated to rebut conclusively every possible variation, however, or to explain every possible construction in a way which is consistent only with the allegations against the defendant. Were those requirements placed on the state for these purposes, circumstantial evidence would always be inadequate to establish a preliminary showing of the necessary elements of a crime."[10]
Sub judice, defendant returned after having been absent in Carl's car for about an hour and a half and told Ms. Caudle that she had thrown Wendy up in the air, dropped her, and determined that she was dead. She undertook to explain to Ms. Caudle what she had done with the body but Ms. Caudle exclaimed "Don't tell me". However, about three days later defendant told Ms. Caudle that she cut the baby up and threw it in the bay.
If we apply literally the teachings of Hodges v. State, supra, that while the corpus delicti cannot be established by a confession alone, confessions and admissions may be considered in connection with other evidence to establish it, then, even were the statements of defendant to Ms. Caudle to be considered as admissions or confessions, they would nevertheless be properly considered in connection with the other evidence of the unexplained disappearance of a two-month-old baby to establish corpus delicti.
However, we need not and do not treat the statements of the defendant to Ms. Caudle as either admissions or confessions as those terms are used in the cases above mentioned. Although under some circumstances a confession may constitute an admission and an admission may constitute a confession and a res gestae statement may constitute either or both, the terms are not synonymous.[11] The res gestae may include statements, acts, and conduct of the accused whether exculpatory or incriminatory in character or effect and notwithstanding the fact that they may not be admissible as confessions or admissions.[12] The rules relating to res gestae on the one hand and to admissions and confessions on the other are separate and distinct; a res gestae statement is admissible notwithstanding the fact that it may not be admissible as a confession or an admission.[13] The term "res gestae" means literally the thing done, and it may be defined in a general *860 way as the circumstances, facts and declarations which grow out of the main fact and serve to illustrate its character, and which are so spontaneous and contemporaneous with the main fact as to exclude the idea of deliberation or fabrication.[14] Statements admitted into evidence as part of the res gestae constitute original evidence. Res gestae is not confined to the act charged but includes acts, statements, occurrences and circumstances which are substantially contemporaneous with the main fact and so closely connected with it as to form a part or a continuation of the main transaction and to illustrate its character. In determining what is admissible as part of the res gestae no distinction is usually drawn between statements and acts. No precise measure of time or distance from the main occurrence can be arbitrarily applied. The word "contemporaneous" as used in reference to res gestae is not to be taken in its strict meaning and it is not necessary that the acts or declarations should be precisely concurrent in point of time with the main facts, nor is time the only criterion for determining whether a thing said or done is part of a given transaction. The ultimate test is spontaneity and a logical relation to the main event, and where an act or declaration springs out of the transaction while the parties are still laboring under the excitement and strain of the circumstances and at a time so near it as to preclude the idea of deliberation and fabrication, it is to be regarded as contemporaneous.[15]
Treating the initial statements of the defendant as res gestae[16] it is apparent that such statements are material and, being original evidence, should have been considered in determining whether or not the elements of the corpus delicti were sufficiently proved. So considered, there was prima facie proof of the corpus delicti. It necessarily follows therefore that the learned trial judge erred in granting the defendant's motion to dismiss.
REVERSED.
MILLS and McCORD, JJ., concur.
NOTES
[1] There was no procedural issue raised in this case as to which party has the burden of proof when proceeding under the rule on a motion to dismiss.
[2] The phrase "tending to prove" appears to have been considered as being synonymous with "prima facie". Please see Gray v. State, 152 So.2d 485 (Fla.3d DCA 1962); Hodges v. State, 176 So.2d 91 (Fla. 1965); and LaSalle v. State, 187 So.2d 407 (Fla.3d DCA 1963).
[3] Jefferson v. State, 128 So.2d 132 (Fla. 1961).
[4] Jefferson v. State, supra.
[5] State v. Allen, 335 So.2d 823 (Fla. 1976).
[6] 128 So.2d at page 135.
[7] Hodges v. State, 176 So.2d 91 (Fla. 1965) at page 92.
[8] State v. Allen, supra.
[9] 335 So.2d at page 825. Emphasis added.
[10] 335 So.2d at p. 826.
[11] For definition of confession and admission see 23 C.J.S. Criminal Law § 816 and cases therein cited.
[12] 22A C.J.S. Criminal Law § 667 and cases there cited.
[13] Ibid.
[14] 22A C.J.S. Criminal Law § 662(1).
[15] 22A C.J.S. Criminal Law § 662(1) and cases there cited.
[16] Although disagreeing as to the effect, both parties in their briefs and in oral argument before the court appeared to have agreed that the defendant's statements were part of the res gestae.