ELLIOT TUCKER, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Evidence of an extra judicial confession of guilt standing alone will not authorize a conviction on a criminal prosecution, even though the jury believe the confession was made as testified to and that it is true. There should be some additional substantial evidence, direct or circumstantial, of the *corpus dilicti.*

2. Statements of facts or circumstances that do not in effect or by fair inference admit the commission of a crime, do not in general constitute a confession of guilt of a crime.

3. Where in a criminal prosecution an erroneous charge given is not obviously cured by other charges given, and such erroneous charge was well calculated to mislead the jury, a reversal may follow a conviction where the evidence of the defendant's guilt is conflicting or is not manifestly convincing.

4. A charge that "in passing upon the credit you will attach to the testimony of any given witness who testifies, including that of the defendant, it is proper for you to consider the demeanor of the witness on the stand, the reasonableness or unreasonableness of his or her statement," is not erroneous.

Writ of error to the Circuit Court for Pasco County.

The facts of the case are stated in the opinion of the court.

*Macfarlane & Chancey,* for Plaintiff in Error;

*Park Trammell,* Attorney General, *C. B. Parkhill,* and *C. O. Andrews,* for the State.

PER CURIAM—This writ of error was taken to a conviction of larceny of domestic animals.

At the trial the court gave the following charge to which exception was duly taken: "Confessions are accepted in courts and before juries as legal and proper evidence and are sufficient even when standing alone to warrant a jury in convicting a defendant if they believe the confessions to be true; but while confessions are so accepted, they should be received and acted upon by jurors with great caution."

Evidence of an extra judicial confession of guilt standing alone will not authorize a conviction on a criminal charge, even though the jury believe the confession was made as testified to and that it is true. There should be at least some additional substantial evidence, direct or circumstantial, of the *corpus delicti* before a lawful conviction can be had based on an extra judicial confession. See Brown v. State, 44 Fla. 28, 32 South. Rep. 107; Holland v. State, 39 178, 22 South. Rep. 298; Lambright v. State, 34 Fla. 564, 16 South. Rep. 582; Anthony v. State, 44 Fla. 1, 32 South. Rep. 818; Gantling v. State, 41 Fla. 587, 26 South. Rep. 737; 1 Elliott on Ev. Sec. 292; Underhill on Crim. Ev. Sec. 147.

Statements of facts or circumstances that do not in effect or by fair inference admit the commission of a

crime, do not in general constitute a confession of guilt of a crime. See Daniels v. State, 57 Fla. 1, 48 South. Rep. 747; Michaels v. People, 208 Ill. 603, 70 N. E. Rep. 747; 1 Elliott on Ev. Sec. 271.

Assuming that the statements of the defendant testified to in this case may fairly be regarded as a confession of the feloneous taking as alleged, such confession alone would not warrant a conviction unless there is sufficient evidence of the *corpus delicti*.

As the jury was specifically instructed that a confession is "sufficient even when standing alone to warrant a jury in convicting a defendant if they believe the confession to be true," and as the evidence tending to prove the *corpus delicti* was slight and entirely circumstantial, the quoted instruction being erroneous was well calculated to mislead the jury into finding a verdict of guilty without considering whether there was sufficient evidence of the *corpus delicti*. For this reason, the error in the charge was material, and it was essentially injurious to substantial rights of the accused.

The propositions contained in the quoted charge that the jury could convict on the confession alone "if they believe the confession to be true" and that confessions "should be received and acted upon by jurors with great caution," do not relieve the charge of the error contained therein. The erroneous charge is not cured by the general charge that unless the State proves beyond a reasonable doubt that the defendant feloniously took, stole and carried away any of the cattle with intent to appropriate them to his own use or to deprive the owner of the possession thereof, the defendant should not be found guilty.

The court gave the following charge: "In passing upon the credit you will attach to the testimony of any given witness who testifies, including that of the defendant, it

is proper for you to consider the deméanor of the witness on the stand, the reasonableness or unreasonableness of his or her statement," &c. This charge does not so refer to the testimony of the defendant alone as to violate the rule that the trial judge should not, in his charge to the jury or otherwise, so pointedly aim at the credibility of the defendant as a witness for himself as to impress the jury with the idea that the judge, because of the defendant's interest in the case, questioned his credibility. Fuentes v. State, 64 Fla. —, 59 South. Rep. 395.

A bill of exceptions whether in a civil or criminal case is not required to be sealed by the judge who signs it. Secs. 1694, 1496, 4044 General Statutes of 1906, revising Chapter 138, Acts of 1847-8; Robinson v. L'Engle, 13 Fla. 482; Montgomery v. State, 54 Fla. 73, 45 South. Rep. 813.

Other assignments of error need not be discussed here.

The judgment is reversed and a new trial awarded.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.