### MARY A. GRAHAM v. STATE OF FLORIDA

16 So. (2nd) 59  
November 26, 1943

June Term, 1943  
Division B

**808**

*Bart A. Riley* and *A. C. Dressler,* for appellant.

*J. Tom Watson,* Attorney General, *Woodrow Melvin,* Assistant Attorney General, *Robert R. Taylor,* County Solicitor, and *Glenn C. Mincer,* Assistant County Solicitor, for appellee.

SEBRING, J.:

The appellant was charged with making an assault upon one Elsie Watts, with intent to procure a miscarriage of the said Elsie Watts, by inserting a surgical instrument by way of the vagina into her womb. The offense charged is denounced as a crime, by Section 797.01 Florida Statutes, 1941. The appellant waived trial by jury. At the conclusion of the trial, the court found the defendant guilty of the offense charged. This appeal is from the judgment of conviction.

The appellant contends that she was found guilty upon a confession, without sufficient proof, otherwise, of the corpus delicti. We cannot agree with this contention. We find sufficient preliminary proof of the corpus delicti, in the record, to authorize the receipt in evidence of the confession. According to the testimony of the prosecuting witness, she, being then pregnant, visited the appellant to arrange for the production of an abortion. Appellant agreed to perform the operation, for a financial reward agreed upon between the parties. A few days later, at a time arranged by the parties, Elsie Watts returned for the operation. After paying over a part of the agreed price, the patient disrobed and got upon the operating table. She remained there for a period of three hours, while appellant worked with surgical instruments upon the person of the patient, attempting to produce the abortion.

Nothing will be gained by a detailed narrative of what transpired. In our opinion, the testimony of the prosecuting witness was sufficient in itself to prove the charge, at least prima facie. Other State witnesses were produced whose testimony corroborated the story of the prosecuting witness in essential details. Voluntary confessions made to investigating officers were received in evidence. There was no error in their admission.

The corpus delicti need not be proven beyond a reasonable doubt, before confessions of the accused may be received. Although requisite to a conviction, that degree of proof is not a prerequisite to the admission of a confession. If, when the confession is offered there is already before the jury evidence tending to show that the crime to which the confession relates has been committed, the confession should be admitted, provided it is freely and voluntarily made and otherwise admissible; the court deciding in the first instance whether the evidence of the corpus delicti is prima facie sufficient to authorize the admission of the confession in evidence. Nickels v. State, 90 Fla. 659, 106 So. 479.

The testimony of appellant did not agree with the testimony given by State witnesses, although, in our opinion, it strengthened it in some of the essential details.

A conflict of evidence was presented for consideration by the trial judge. From the evidence, he determined that the appellant was guilty of the crime charged. There was ample evidence to sustain this finding, beyond a reasonable doubt.

All objections made by appellant to the entry of judgment have been duly considered We find no reversible error in the proceedings.

The judgment, therefore, is affirmed.

It is so ordered.

BUFORD, C. J., and BROWN and THOMAS, JJ., concur.