## STATE v. JOINER.
No. 4983.

Circuit Court, Dade County, Criminal Appeal.

January 18, 1961.

John H. Winkle, Miami, for appellant.

Richard E. Gerstein, State Attorney, Joan E. Odell, Ass't. State Attorney, for appellee.

JOE EATON, Circuit Judge.

This is an appeal from a judgment of conviction, entered in the metropolitan court in and for Dade County, on a charge of driving while intoxicated in violation of § 30.15 of the Traffic Code of Metropolitan Dade County.

Defendant has appealed on the usual grounds, assigning as error the following three points — "(1) Judgment and sentence

are contrary to the law and evidence for the reason that the trial court erred in admitting into evidence the admission of the defendant that she was the operator of the automobile prior to proof of the corpus delicti of the offense of driving while intoxicated. (2) The trial court erred, as a matter of law, in finding that the arrest of the defendant was lawful for the reason that it appears from the record that the arrest was for an offense not committed in the presence of the arresting officer and without benefit of warrant. (3) That the trial court erred in allowing the prosecution to prove the corpus delicti of the offense by the admission or confession of the defendant."

The second assignment of error is without merit and has been already disposed of by the cases of Campbell v. County of Dade, 113 So. 2d 708, and Jones v. State of Florida, 123 So. 2d 385.

The main point, and the one most strongly urged by the defendant, is that her extra-judicial admission that she had been driving was not admissible against her until such time as the state had proved the corpus delicti of the offense.

The facts as developed in the record show that when the arresting officer arrived at the scene of a "rear-end" collision, he discovered two vehicles bumper to bumper in a damaged condition. He ascertained — how does not appear — that the owner of the first vehicle (a Packard) was one Leroy Johnson. The defendant was sitting in a police car already at the scene. The arresting officer testified as to facts tending to show her drunken condition and stated as his opinion that her normal faculties for driving were impaired, due to overindulgence in some alcoholic beverage or narcotic. He also testified, over objection, that she told him she was the owner of the second car and that she was the driver of the second car (a Studebaker). On cross-examination he admitted that he had not asked her if she was the driver and had just "assumed she was the driver" from her admission that she was the owner. He admitted that, of his own knowledge, he did not know that she was the driver or even the only person in the car; that he did not really know when the accident had occurred.

The only other witness for the state was the drunkometer technician for the City of Miami, who also testified that, after having been advised of her rights, defendant voluntarily took the drunkometer test during the course of which she admitted she had been driving the Studebaker. No eyewitness to the collision was called to testify, nor was the driver of the first vehicle, Johnson, nor the police officer in whose car defendant was found sitting.

There is no evidence other than defendant's admission to the drunkometer technician, to show that defendant, conceding her intoxicated state, was driving or had physical control of the Studebaker. Without such evidence, not only is there nothing to connect defendant with the commission of the offense charged, there is not even proof that the offense charged was ever committed by anyone. Regardless of the number of intoxicated persons at the scene of an accident, even if they are car owners, there is no violation of the ordinance unless and until it be shown that an intoxicated person was driving or in physical control of a vehicle.

In other words, without the admission by defendant that she was driving, there is no proof of the corpus delicti. Although it is the minority rule throughout the country (45 A.L.R. 2d 1316, 127 A.L.R. 1130), it is the law of this state (Frazier v. State, 107 So. 2d 16; Rowe v. State, 84 So. 2d 709; Lopez v. State, 66 So. 2d 807; Graham v. State, 16 So. 2d 59; Adams v. State, 13 So. 2d 610; Keir v. State, 11 So. 2d 886; Smith v. State, 186 So. 203; Deiterle v. State, 134 So. 42; Parrish v. State, 105 So. 130; Anthony v. State, 32 So. 818; Gantling v. State, 26 So. 737; Holland v. State, 22 So. 298; Lambright v. State, 16 So. 582; Sciortino v. State, 115 So. 2d 93, 2 DCA, giving an exhaustive resume of cases; Alexander v. State, 107 So. 2d 261, 2 DCA) — except possibly in larceny prosecutions (Cross v. State, 119 So. 380; Groover v. State, 90 So. 473; cf. Williams v. State, 117 So. 2d 548, 2 DCA, citing the two preceding cases but apparently adopting the prima facie rule of the cases cited next above) — that the corpus delicti must be prima facie established independently of the admission or confession of the defendant and that the admission may not be considered as part of the evidence going to make up the proof of the corpus delicti. It is true that once it is shown that a crime was committed, defendant's connection therewith may be shown by an admission, but as pointed out above, defendant's admission was an essential link in the proof that an offense was committed.

This court approves and adopts as its own Attorney General Richard W. Ervin's Opinion #056-145 of May 11, 1956, to the following effect —

It is well settled that there must be prima facie proof of the corpus delicti before a confession can be admitted in evidence. Also, I find authorities indicating that an admission against interest made by a defendant cannot be placed in evidence against him without first putting on prima facie proof of the corpus delicti. (See Deiterle v. State, 101 Fla. 79; 134 So. 42, 43; 22 C. J. S. 1248-1249, Criminal Law, §730-b).

To prove the corpus delicti is to prove that the crime was committed by somebody. Proof of the corpus delicti does not require proof that the defendant was the person who committed the crime. Once the corpus delicti is proved prima facie, the defendant's confession or admission is admissable to show that he was the person who committed the crime. To establish the corpus delicti in a drunk driving case requires, in addition to proof of venue, proof that (1) a motor vehicle was driven by somebody; and (2) that whoever was the driver was under the influence of intoxicating liquor to such an extent that his or her normal faculties were impaired. These elements of the corpus delicti must be proved prima facie by either direct or circumstantial evidence before, under the above cited authorities, the defendant's admission that he was the driver of the motor vehicle can be put in evidence. *Proof that the defendant was drunk and that some unidentified person drove a particular motor vehicle is not sufficient to establish the corpus delicti because it does not show that whoever drove the vehicle was under the influence of intoxicating liquor to such extent as to impair his normal faculties.* (Italics added.)

It may seem reasonably certain, as it did to the court below and to this court, that the defendant was guilty as charged (although it is not an unknown thing for the actual driver of a vehicle to leave the scene of an accident and for someone else to admit driving) ; however, the rules of evidence concerning admission and proof of corpus delicti serve a salutary purpose, and so long as they remain the law of this state they should be applied. Much more is involved here than the guilt or innocence of an individual. A principle of law that is basic in our jurisprudence is involved — that is, that one may not be punished on a naked confession without *additional* proof of the corpus delicti.

The normal impulse is to affirm these convictions where the confession in the record before us tends to establish that a crime was committed. But ours is a government of laws and not of men. The purpose of the courts is to keep it so.

In view of the disposition made of the appeal on the basis of failure to establish a prima facie case, I do not reach the question whether the admissions were privileged under F.S.A. 317.17 or fell within the exception thereto. Assuming the latter, they were still improperly admitted without prima facie proof of the corpus delicti.

There is a suggestion in the state's brief, in its argument dealing with privilege under section 317.17, that this is not a criminal proceeding. As stated in City of Miami v. Gilbert, 102 So. 2d 818 — "While it has been held that punishment of offenses against municipal ordinances are not 'criminal prosecutions' as contemplated by Section 11, Declaration of Rights, Fla. Const., 25 F.S.A., nevertheless, they do partake of the nature of criminal rather than civil proceedings." The lower court and all parties below,

in that case, applied the corpus delicti rule to an ordinance violation of this sort. I am convinced that such application is a proper one.

It is ordered that the conviction, judgment and sentence be reversed and that a new trial be ordered with costs of this appeal taxed to the county.