### STATE v. TAPPERSON.
No. 5373.
Circuit Court, Dade County, Criminal Appeal.
July 15, 1963.

Carr & Warren, Miami, for appellant.

Richard E. Gerstein, State Attorney, Joan Elizabeth Fransella, Ass't. State Attorney, for appellee.

HAL P. DEKLE, Circuit Judge.

This appeal is from judgments of conviction and sentences imposed upon the appellant, Kathryn A. Tapperson, by the metropolitan court of Dade County, upon charges of careless driving, hitting standing vehicle and driving while under the influence of an alcoholic beverage, in violation of section 30-17(a) and 30-15 (a), respectively, of the Code of Metropolitan Dade County. Briefs, oral argument and the record have been carefully considered.

Appellant contends that the trial court erred in admitting into evidence, over her objection, testimony of the investigating officer that appellant admitted to him that she was the driver of the automobile in which she was found sitting behind the wheel with the key in the ignition, although the motor was not running, which vehicle was resting against another automobile completely within a parking space. Appellant, of course, relies upon the privilege of accident reports, pursuant to section 317.17, Florida Statutes. The difficulty with this contention is that it falls within the express exception of that statute, to-wit— " * * * except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident." State v. Richards, 17 Fla. Supp. 178 (1960, Kehoe, John J., Circuit Judge); cert. denied, District Court of Appeal, Third District, no. 61-109, June 7, 1961, per curiam; cert. denied, Supreme Court of Florida.

Appellant urges that this is changed by the holding in Nash Miami Motors, Inc. v. Ellsworth, Fla. App. 3, 129 So.2d 704. Nash holds that a second officer, making subsequent investigation of the traffic accident, is under the same prohibition to testify as to information regarding the accident as is the initial officer on the scene, by virtue of section 317.17, Florida Statutes. It does not appear to this court that such holding changes the express exception of the statute regarding identity.