**STATE v. KELLAR.**

No. CA 5365.

Circuit Court, Dade County, Criminal Appeal.

November 19, 1963.

Richard A. Pellar, Miami Beach, for appellant.

Richard E. Gerstein, State Attorney, Joan Elizabeth Fransella, Ass't. State Attorney, for appellee.

HAL P. DEKLE, Circuit Judge.

Defendant was convicted in the metropolitan court of Dade County, of the offenses of driving while under the influence of intoxicating liquor and careless driving resulting in an accident. Appellant's principal point on appeal deserving examination is his contention that certain evidence should have been suppressed as the product of an illegal arrest. He charges error in the trial court's denial of such motion to suppress.

This was a rear end automobile accident at an intersection. The front car had apparently been knocked forward by the impact and was resting some distance from the other vehicle at the time the police arrived. No operator was seated in the driver's seat of the second car but defendant was found standing beside the left front fender of the second car and the forward vehicle was damaged in the rear. There were fifteen feet of dark front wheel skid marks leading up to the point where the second car, alleged to be appellant's vehicle, was at rest.

Upon inquiry by the investigating officer appellant admitted that he was the driver of the second car. Three officers on the scene and who observed appellant testified to facts indicating that appellant was under the influence of liquor and based upon their observation and experience testified to their conclusions

that appellant was under the influence of intoxicating liquor to the extent that his normal faculties were impaired. This was at a time approximately twenty to thirty minutes after the actual impact.

The father of the driver of the forward car which had been struck in the rear came to the scene in response to a telephone call and testified that he smelled alcohol on appellant's breath and saw appellant seated in the second car.

Appellant was removed by police to the police station where a warrant for his arrest was issued and there served upon him.

It seems to the reviewing court that the crux of this appeal is not so much an illegal arrest and what evidence may have been obtained as a result thereof but rather the propriety of the admission of appellant *prior* to any arrest that he was the driver of the car in question.

Counsel agree that admissions are to be received only after proof of the corpus delicti or the occurrence of the crimes charged. The foregoing circumstantial evidence was ample to establish such corpus delicti as a predicate for the admission of appellant's "confession" or later admission that he was driving the car. Such circumstantial evidence, prior to any arrest, that the crimes alleged, of driving while under the influence of intoxicating liquor and of careless driving, had in fact occurred, was adequate to allow the testimony and evidence thereafter admitted, and the motion to suppress such evidence as products of an illegal arrest was not well founded and the able trial judge was correct in her ruling denying such motion.

The initial evidence referred to was not the result of an illegal arrest but was evidence directly obtained and was admissible.

Section 317.17, Florida Statutes, reference accident reports, contains an express exception as to the admission of identity of the person involved, as was recently held by this court in State v. Tapperson, Circuit Court of Dade County, Criminal Appeal No. 5373 (July, 1963), 21 Fla. Supp. 204, as had been similarly held by the Honorable John J. Kehoe, Circuit Judge, in State v. Richards, 17 Fla. Supp. 178 (1960), cert. denied, District Court of Appeal, Third Dist., No. 61-109, June 7, 1961, per curiam, cert. denied, Supreme Court of Florida.

The other assignments of error are either encompassed in the foregoing principal question or are found by the court to be without merit, such as the admission of testimony of the breathalizer operator who was not a chemist but merely trained to operate and make readings from the machine. This and the further question

urging that it should be first shown that the machine had been accurately calibrated and maintained in good working order by competent personnel before such reading, go to the weight of the evidence or testimony of such operator. State v. Dantino, 18 N.J. 570, 115 A.2d 35, 49 ALR 3d 460 (1955); Alexander v. State (Okla. 1956) 305 P. 2d 572. It may further be said on this question that there was other sufficient evidence to sustain the conviction and no harmful error has been shown to appear. The judgment of the trial court is accordingly affirmed.