## STATE v. PEDIGO.
No. 5708.
Circuit Court, Dade County, Criminal Appeal.
June 24, 1965.

Fred A. Jones, Jr., Miami, for appellant.

Richard E. Gerstein, State Attorney, John P. Durant, Ass't. State Attorney, for appellee.

HAL P. DEKLE, Circuit Judge.

This appeal is from judgment of conviction and sentences imposed upon appellant on charges of driving under the influence of intoxicating liquor, causing an accident, in violation of Metropolitan Ordinance 30-15(a), and entering upon a street from a private driveway and failing to yield the right-of-way to a vehicle approaching on said street, causing an accident, in violation of §30-52 of the Metropolitan Code of Dade County. Briefs, oral arguments and the record have been considered.

Appellant's principal contention is that the state failed to prove the corpus delicti as a predicate to testimony of appellant's admission at the scene to the arresting officer that he was the driver of the car and his later admission to the same effect to the drunkometer technician to whom appellant submitted himself for examination, relying upon State v. Joiner, 17 Fla. Supp. 84 (Eaton, Circuit Judge), Frazier v. State (Fla. 1958), 107 So.2d 16, and other like cases.

Appellee contends that this court's opinion in State v. Tapperson (1963 CA 5373), 21 Fla. Supp. 204, cert. denied per curiam, no opinion, 159 So.2d 124, distinguishes the case at bar from Joiner in recognizing the express exception of "the identity of a person involved in an accident . . ." contained in §317.17, Fla. St., regarding the privilege of information obtained in the course of an investigation, ". . . when such person denies his presence at such accident". Holding likewise is State v. Richards (1960, Kehoe, John J., Circuit Judge), 17 Fla. Supp. 178, cert. denied, Fla. App. 3, #61-109, June 7, 1961, per curiam, cert. denied, Sup. Ct. of Fla. This holding would apply only to the allowance into evidence of the appellant's admission as driver, once such admission were allowable, but the fact still remains that a prima facie case must first be made without it and here it was not, so that Joiner is controlling.

The distinction in Joiner that the admission was only to being an *owner*, rather than the driver as here, would apply only to the sufficiency of the identity of appellant as the driver involved, once such admission is proper where a prima facie case is otherwise laid. Such admission cannot be used as a substitute for such proof.

The trouble is that the state failed in its effort to make a prima facie case to place *anyone* behind the wheel of the car in question and that such person was intoxicated. Only by appellant's admission is this shown and the admission cannot substitute for the necessary other evidence of the corpus delicti.

The judgments of conviction and sentences are accordingly reversed with costs of this appeal taxed against appellee.