181 So.2d 720 (1966)
COUNTY OF DADE, State of Florida, Petitioner,
v.
Rondel PEDIGO, Respondent.
No. 65-884.
District Court of Appeal of Florida. Third District.
January 11, 1966.
Rehearing Denied February 2, 1966.
Richard E. Gerstein, State Atty., and John P. Durant, Asst. State Atty., for petitioner.
Fred A. Jones, Jr., Miami for respondent.
Before TILLMAN PEARSON, CARROLL and BARKDULL, JJ.
TILLMAN PEARSON, Judge.
By this petition for certiorari, we are called upon to review a decision and order of the Circuit Court of Dade County sitting as an appellate court. The order reversed judgments of conviction and the sentences imposed upon the respondent by the Metropolitan Court of Dade County. The opinion of the Circuit Court is as follows:
"This appeal is from Judgments of conviction and sentences imposed upon appellant on charges of driving under the influence of intoxicating liquor, causing an accident, in violation of Metropolitan Ordinance 30-15(a) and entering upon a street from a private driveway and failing to yield the right-of-way to a vehicle approaching on said street, causing an accident, in violation of Sec. 30-52 of the Metropolitan Code of Dade County, Florida. Briefs, oral arguments and the record have been considered.
"Appellant's principal contention is that the State failed to prove the corpus delicti as a predicate to testimony of appellant's admission at the scene to the arresting officer that he was the driver of the car and his later admission to the same effect to the drunkometer technician to whom appellant submitted himself for examination, relying upon State v. Joiner, 17 Fla. Supp. 84 (Eaton); Frazier v. State (Fla. 1958) 107 So.2d 16, and like other cases.
* * * * * *
"The trouble is that the State failed in its effort to make a prima facie case to place anyone behind the wheel *721 of the car in question and that such person was intoxicated. Only by appellant's admission is this shown and the admission cannot substitute for the necessary other evidence of the corpus delicti.
"The judgments of conviction and sentences are accordingly reversed with costs of this appeal taxed against appellee."
The question thus presented is whether or not the Circuit Court departed from the fundamental requirements of law in holding that the trial court erred in admitting into evidence the defendant's admission that he was the driver of the car. The rule of evidence which the Circuit Court applied is stated in Frazier v. State, Fla. 1958, 107 So.2d 16, as follows:
"It is true that before a confession should be received in evidence there must be some independent proof of the corpus delicti. Parrish v. State, 1925, 90 Fla. 25, 105 So. 130; Keir v. State, 1943, 152 Fla. 389, 11 So.2d 886. There should at least be some additional substantial evidence, either direct or circumstantial. Tucker v. State, 1912, 64 Fla. 518, 59 So. 941. The corpus delicti need not be proved beyond a reasonable doubt, but it is enough if the evidence tends to show that the crime was committed. McElveen v. State, Fla. 1954, 72 So.2d 785; Graham v. State, 1943, 153 Fla. 807, 16 So.2d 59. The only question is whether the evidence of the corpus delicti is prima facie sufficient to authorize the admission of the confession. Nickels v. State, 1925, 90 Fla. 659, 106 So. 479, supra; Graham v. State, supra. See Annotation: 45 A.L.R.2d 1316 (1954)." (107 So.2d at page 26)
The evidence first admitted was that of the arresting officer who stated that he was called to investigate an automobile collision, and that when he arrived at the scene he found the defendant's car partly backed out onto the paved area in front of a bar. This vehicle had extensive damage to the left rear. The other automobile involved in the collision was in the highway in a position which would indicate that it had been proceeding at right angles to defendant's automobile. The second vehicle had extensive damage to its right side. He then testified that the drivers of the cars identified themselves. The officer stated that, at the time he arrived, he found the defendant "standing at the left front fender of his vehicle, leaning against the car". He also stated that the defendant's walk was unsteady and that the defendant had a strong alcoholic smell.
The second witness was a chemical technician for the Dade County Sheriff's Office who established the condition of the defendant at the time he was brought to the jail. This witness testified that the defendant, after appropriate warnings as to his rights, admitted that he had been operating the vehicle at the time of the accident which was being investigated.
The opinion of the Circuit Court holds that the defendant's statements to the investigating officer and the chemical technician were improperly admitted into evidence because, at the time that they were offered, there had been no proof of the commission of a crime.
We find that the rule applied by the Circuit Court is not applicable to the evidence in this case. The investigating officer established that when he arrived at the scene he found the evidence of a collision. In addition, he found the defendant standing by one of the cars awaiting the officer. There was no indication that anyone else was connected with the operation of the car, and the defendant has never suggested that such was the case. We hold that the physical circumstances as reported by the officer, together with the obvious drunken condition of the defendant, was sufficient to establish a prima facie case that a violation of the law had occurred. In this connection, it is important to note that it is not necessary that the proof of *722 the corpus delicti be complete in every detail at the time the defendant's admission of his connection with the crime is admitted into evidence.
For the reason stated, the decision and order of the circuit court is quashed with directions to enter a judgment affirming the judgment and sentence of the Metropolitan Court of Dade County.
It is so ordered.
BARKDULL, Judge (dissenting).
I most respectfully dissent from the opinion of the majority, and would affirm in accordance with the opinion rendered by the able Circuit Judge.