## STATE v. SALTS.
No. 152.
Circuit Court, Lake County, Criminal Appeal.
September 22, 1971.

W. B. Hunter, Tavares, for the appellant.

G. G. Oldham, Jr., State Attorney, and John C. Williams, Special Assistant State Attorney, for the appellee.

W. TROY HALL, Jr., Circuit Judge.

The defendant-appellant was tried by a jury in the county judge's court on September 30, 1971 on a charge of driving while under the influence of alcoholic beverages, and was found guilty as charged.

During the course of the trial, a Florida Highway Patrolman testified that he administered to the defendant a breathalyzer test at the request of the arresting officer. He testified that he had previously obtained schooling to learn how to administer the test and that he had a certificate from the state board of health authorizing him to administer such tests. The certificate of the state board of health was placed in evidence. There was also placed in evidence a document called a "check list" showing the things the trooper did to the machine prior to administering the test. The test was administered under authority granted by §§322.261 and 322.262, Florida Statutes 1969 — commonly referred to as "the implied consent law."

However, the record clearly shows that at no time did the trooper who administered the test testify that it was administered in accordance with rules and regulations adopted by the department of public safety — nor was there any testimony that the department had even adopted rules and regulations, as required by §322.261.

The lower court permitted the result of the test to go to the jury over the objection of the defendant that the officer had not been properly qualified to give the result of the test which he had administered. No one can say whether or not the verdict of the jury would have been the same had the jury not received the result of this breathalyzer test.

In this case there was an accident involved. The testimony shows that it was dark at the time of the accident and that the driver of the other vehicle who was alone did not stop at the time of the accident but proceeded on up the highway and finally turned around and stopped at some business place to telephone for the Highway Patrol. The vehicle of the defendant stopped in the median of the divided highway.

When Evelyn Ann Padgett, the driver of the other vehicle, returned to the scene where the defendant's car was he was standing near the car. She testified that she did not recognize the driver of the car that struck her at the time that the cars were in motion. However, she was permitted to testify — over the objection of the defendant on the ground that the corpus delicti had not been proven — that the defendant made a remark that he had just wrecked his car.

Another witness for the state, H. G. Baker, was also permitted to testify, over the same objection of the defendant, that he heard the defendant make a statement that he had just wrecked his car. The witness Baker had not seen the accident at all and came up to the scene and saw the defendant's car where it had come to rest.

The transcript of testimony shows that there was no testimony to place the defendant behind the wheel of his vehicle except the statements of these two witnesses concerning a statement that he had made at the scene of the accident.

It is the contention of the appellant that the state in electing to request a breathalyzer test under the implied consent law must strictly comply with the requirements of the statute not only in the administering of the test but also in presenting the same, with the results thereof, to the trial jury.

He also contends that the requirements of §322.261(2)(a) are plain that — "the test shall be administered at the direction of the arresting officer in accordance with the rules and regulations which shall have been adopted by the department."

He further contends that the provisions of §322.262(2) are also very plain that "the results of any tests administered in accordance with the act shall be admissible into evidence" but on the other hand if the test is not administered in accordance with the requirements of the act the results of the tests are not admissible.

He further contends that the court committed reversible error in permitting the two witnesses to testify as to statements made by him at the scene of the accident which indicated that he was the driver of the car involved in the accident over his objection that such statements were not admissible because the state had not proven the corpus delicti. Further, that the court committed reversible error in denying his motion for directed verdict at the close of the state's case.

He argues that his statements should not have been admitted into evidence and that without such statements, the state had en-

tirely failed to prove that he was the driver of a motor vehicle at said time, and therefore his motion for directed verdict should have been granted, and now on this appeal the case should not only be reversed, but should be remanded with directions to the lower court to discharge him.

There are no disputed issues of fact in this case. This appeal involves only questions of law, which may be propounded as follows —

Do §§322.261 and 322.262 make it mandatory that in order for the results of a breathalyzer test to be admitted in evidence, the test must be given in accordance with the rules and regulations which shall have been adopted by the department of public safety?

Is it incumbent upon the state to see that the record reflects that all of the requirements of §§322.261 and 322.262 as to the administering of the test have been complied with, in order to introduce testimony or evidence as to the results of the test?

§322.261 provides in part —

(2) (a) The test determining the weight of alcohol in the defendant's blood shall be administered at the direction of the arresting officer in accordance with the rules and regulations which shall have been adopted by the department. Such rules and regulations shall be adopted after public hearing, and shall specify precisely the test or tests which are approved by the said department for reliability of result and facility of administration and shall provide an approved method of administration which shall be followed in all tests given under this Section.

§322.262 provides in part —

(2) Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of alcoholic beverages when affected to the extent that his normal faculties were impaired, the results of any test administered in accordance with this act shall be admissible into evidence where otherwise admissible, and the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of the person's blood, urine, breath, or other bodily substance shall give rise to the following presumptions * * *

(3) Chemical analyses of the person's blood, urine, breath or other bodily substance, to be considered valid under the provisions of this section, shall have been performed according to methods approved by the division of health of the department of health and rehabilitative services and by an individual possessing a valid permit issued by said

division for this purpose. The division is authorized to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analyses, and to issue permits which shall be subject to termination or revocation at the discretion of said division.

And there is a further question of law —

Are statements of the defendant indicating that he was the driver of the motor vehicle in question admissible in evidence, unless the state is able to prove the corpus delicti of the offense charged, which include both the driving of a motor vehicle and that such driver was under the influence of alcoholic beverages at said time, by evidence other than such statements of the defendant?

The opinion of the court in Farley v. City of Tallahassee, 243 So.2d 161, opinion filed January 21, 1971, District Court Appeal of Florida, 1st District, states this principle of law as applied to a case of driving while under the influence of alcoholic beverages. The court speaking through the Honorable Judge Spector said —

Several issues are raised by petitioner in support of his contention that the affirmance below amounted to a departure from the essential requirements of law, but it is necessary to focus our attention only on one; namely, petitioner's contention that fundamental error was committed when his admission that he was driving at the time of the accident was admitted in evidence before the corpus delicti of the offense charged was proved. We think petitioner's contention in this regard is well taken and requires reversal of the conviction. * * *

Aside from petitioner's admission at the scene that he was the driver, there was no other evidence on that critical element of the offense charged. Without such evidence as was gained from the defendant himself, there was no proof that the offense charged was ever committed by anyone. Nor was there evidence as to the existence of circumstances from which it could be inferred that a drunken driver was at the wheel of the car when it went in the ditch, as in County of Dade v. Pedigo, 181 So.2d 720. (Fla. App. 1966).

It is well established in this jurisdiction that it is incumbent upon the state to prove the corpus delicti in every case, and in doing so it must rely on proof thereof other than the confession or admission of the defendant. No useful purpose would be served in re-stating the cases so holding since they are already collated in Judge Allen's well written decision in Sciortino v. State, 115 So.2d 93 (Fla. App. 1959).

We think this principle was aptly applied by the court in State v. Joiner, 17 Fla. Supp. 84, which also involved a DWI case where proof of the corpus delicti was lacking except for the defendant's own confession. * * *

The principle under discussion is so fundamental in our law that when such error is committed, a reversal of the conviction is required.

The court concludes, first, that the record in this case discloses that at no time during the trial of the case, either in the presence of the jury or outside of the presence of the jury, was there any testimony or evidence that the breathalyzer test had been administered by the officer in accordance with rules and regulations adopted by the department. Actually, there was no testimony or evidence that the department itself had complied with the requirements of §322.261 in adopting rules and regulations for the administration of such a test.

It is the second conclusion of the court that it is incumbent upon the state to see that the record reflects that rules and regulations have been adopted by the department and that such a test was given by the officer in accordance with such rules and regulations.

It is the third conclusion of the court that the results of the breathalyzer test were inadmissible until it was first shown that the test had been administered in accordance with the specific requirements of the statute and in compliance with the rules and regulations adopted by the department.

The fourth conclusion of the court is that the corpus delicti had not been proven by the state as to a person under the influence of alcoholic beverages being the driver of the vehicle, and therefore the two state witnesses should not have been permitted to testify as to statements of the defendant indicating that he was the driver of the vehicle. Without these statements there had been no proof whatsoever that any person under the influence of alcoholic beverages had been driving the vehicle.

The fifth and final conclusion of the court is that the state having failed to prove a material element of the charge, to-wit: the actual driving by the defendant, the defendant's motion for a directed verdict at the close of the state's case should have been granted.

The lower court committed reversible error in permitting the results of the breathalyzer test to be given to the jury over the objection of the defendant.

The lower court committed reversible error in permitting the defendant's motion for a directed verdict immediately after the state had rested its case.

This case will therefore be reversed at the cost of Lake County to be taxed upon appropriate petition being filed by the appellant. The cause will be remanded to the lower court with directions to discharge the defendant and dismiss the case.