STEWART, LEON F., Associate Judge.
This is an appeal from a judgment of guilty of two counts of manslaughter, one by culpable negligence, and one pursuant to Florida Statutes Sec. 860.01 entered pursuant to a jury verdict.
On the night of May 19, 1973, Tommy Earl Allen, appellant, was seen leaving a cocktail lounge at approximately 12:30 a. m. Two witnesses, Taylor and Crowder, left just ahead of appellant in Taylor’s car, and were unable to testify as to whether the appellant was driving his car or not. Robert Yates, another witness, was heading North on U. S. 17 at a rate of speed approximately between SS and 60 miles per hour when two cars passed him at an estimated speed of 90 miles per hour. He, also, did not know who was driving appellant’s car. He noticed brake lights and a cloud of dust ahead. Upon arriving at the scene of the accident, Yates found appellant unconscious, hanging out of the passenger’s side of the car, later identified as being owned by appellant. The deceased, Curtis Black, was found 30 to 40 feet from the passenger’s side of the car — the right passenger door having been ripped forward. There is no question that appellant and Black were riding in appellant’s car at the time of the accident; however, none of the witnesses could place appellant behind the wheel.
At approximately 1:30 a. m. Investigator Hudson interrogated appellant at the hospital to which he had been taken by ambulance. The officer testified that he identified himself, and based on the statement of Crowder and Taylor that “Earl lost it”, and the appearance of appellant which led the officer to believe he was intoxicated, he placed him under arrest. He then authorized the drawing of blood to test for alcoholic content, which was found to be .12. Later appellant gave Investigator Hudson a statement in which he admitted driving the car. Appellant’s confession is the only direct evidence that places him in the driver’s seat at the time of the accident. However, there is strong circumstantial evidence.
The Trial Court admitted the statements of the defendant into evidence over the timely objection of defendant’s counsel, as also happened in regard to the results of the blood test taken without defendant’s consent. Appellant’s counsel further objected to the Court’s instruction to the jury concerning the presumptions contained in F.S. 322.261 as to the degree of intoxication that the jury could presume.
This Court needs to concern itself with only the first point raised by appellant, to-wit:
“Whether the Trial Court erred in admitting into evidence statements of the de *156 fendant when the State had failed to prove the Corpus Delecti ?”
The Trial Judge expressed some doubt as to whether the State had proved the Corpus Delicti, but decided that the State had proven a prima facie case sufficient to go to the jury. We disagree.
Appellant cited the case of Farley v. City of Tallahassee, 243 So.2d 161 (Fla.App.1st 1971) for the premise that it is incumbent upon the State to prove the corpus delicti in every case, and it must rely on proof other than the confession or admission of the defendant. Appellee relied strongly in its argument before the Trial Court, and here, on the case of County of Dade v. Pedigo, 181 So.2d 720 (3 DCA Fla.1966) wherein the Appellate Court held:
• it is important to note that it is not necessary that the proof of the corpus delicti be complete in every detail at the time the defendant’s admission of his connection with the crime is admitted into evidence.”
In the Pedigo case it was never suggested that there could have been another person who could have been driving the defendant’s car. This is not true in this case.
The State failed to establish a prima fa-cie case independent of the admission of the defendant. Therefore, the ruling of this Court is that the Farley case applies and a reversal of the conviction is required.
Having so held, the Court does not deem it necessary to rule on other points raised on appeal.
Reversed.
BOYER, Acting C. J., and JOHNSON, J., concur.