382 So.2d 380 (1980)
Margie Ann USSERY, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-872.
District Court of Appeal of Florida, Third District.
April 1, 1980.
Rehearing Denied May 5, 1980.
*381 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before HUBBART and NESBITT, JJ., and CHARLES A. CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellant, the defendant below, was informed against, tried by jury, and found guilty of second degree murder. She was so adjudged by the court and sentenced to life imprisonment. The defendant appealed. An inculpatory statement of the defendant, which was admitted in evidence, was adequate to support the verdict.
The appellant contends that the State failed to establish the corpus delicti by evidence independent of her said statement, and therefore that the court erred in admitting her statement in evidence. We hold that contention is without merit. There was independent circumstantial evidence and opinion evidence of a medical examiner based thereon sufficient to make a prima facie case that the crime was committed. No useful purpose would be served here by making a detailed statement of the facts and review of the evidence.
In Frazier v. State, 107 So.2d 16, 26 (Fla. 1958), the Court said:
It is true that before a confession should be received in evidence there must be some independent proof of the corpus delicti. Parrish v. State, 1925, 90 Fla. 25, 105 So. 130; Keir v. State, 1943, 152 Fla. 389, 11 So.2d 886. There should at least be some additional substantial evidence, either direct or circumstantial. Tucker v. State, 1912, 64 Fla. 518, 59 So. 941. The corpus delicti need not be proved beyond a reasonable doubt, but it is enough if the evidence tends to show that the crime was committed. McElveen v. State, Fla. 1954, 72 So.2d 785; Graham v. State, 1943, 153 Fla. 807, 16 So.2d 59. The only question is whether the evidence of the corpus delicti is prima facie sufficient to authorize the admission of the confession. Nickels v. State, 1925, 90 Fla. 659, 106 So. 479, supra; Graham v. State, supra. See Annotation: 45 A.L.R.2d 1316 (1954).
In Schneble v. State, 201 So.2d 881, 883 (Fla. 1967), the Court said:
* * * While it is true that, before a confession may be received in evidence there must be some independent proof, either direct or circumstantial, of the corpus delicti, it need not be proved beyond a reasonable doubt, it being enough if the evidence tends to show a crime was committed. The question is whether the evidence of corpus delicti is prima facie sufficient to authorize the admission of the confession. * * *
In Hester v. State, 310 So.2d 455, 457 (Fla.2d DCA 1975), the court said:
* * * The evidence of a corpus delicti at the particular stage of the proceeding with which we are here concerned may be solely circumstantial in character and it is enough if it tends to show a crime was committed. Concededly, that which occurred to the little girl in this case could have occurred innocently and without criminal means. This is often the case with circumstantial evidence; but unless such evidence is solely relied upon to support a conviction, all reasonable hypotheses of innocence need not be excluded. *382 In this light, then, considering the tender age of the child and the nature and extent of the injury described by the doctors, we think a reasonable person, calling upon his common experiences, might well have felt the tendency to conclude criminal causation here. * * *
See, also, Jones v. State, 360 So.2d 1293 (Fla.3d DCA 1978). Accordingly, the judgment is affirmed.