402 So.2d 435 (1981)
James Eric KNIGHT, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1287.
District Court of Appeal of Florida, Third District.
July 7, 1981.
Rehearing Denied September 8, 1981.
*436 Bennett H. Brummer, Public Defender and Douglas D. Stratton, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Sufficient evidence of corpus delicti is not only a predicate to the admission of a confession, see State v. Allen, 335 So.2d 823 (Fla. 1976); Ruiz v. State, 388 So.2d 610 (Fla. 3d DCA 1980); Ussery v. State, 382 So.2d 380 (Fla. 3d DCA 1980); McQueen v. State, 304 So.2d 501 (Fla. 4th DCA 1974), but is, as well, a sine qua non of conviction. Tucker v. State, 64 Fla. 518, 59 So. 941 (1912). Accord, Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954); State v. Allen, supra; Lambright v. State, 34 Fla. 564, 16 So. 582 (1894); Ruiz v. State, supra. Thus, Knight's failure to object to the introduction of his confession on the ground that the corpus delicti was not established is not fatal to his present claim that he was entitled to judgment of acquittal on the robbery count if, as he contends, conviction were rendered on the confession alone. The distinct rule of sufficiency upon which Knight relies is founded on
"... a long history of judicial experience with confessions and in the realization that sound law enforcement requires police investigation which extends beyond the words of the accused. Confessions may be unreliable because they are coerced or induced, and although separate doctrines exclude involuntary confession from consideration by the jury [citations omitted], further caution is warranted because the accused may be unable to establish the involuntary nature of his statements. Moreover, though a statement may not be `involuntary' within the meaning of this exclusionary rule, still its reliability may be suspect if it is under the pressure of a police investigator  whose words may reflect the strain and confusion attending his predicament rather than a clear reflection of his past. Finally, the experience of the courts, the police and the medical profession recount a number of false confessions voluntarily made [citation omitted]. These are the considerations which justify a restriction on the power of the jury to convict, for this experience with confessions is not shared by the average juror."[1]Smith v. United States, 348 U.S. at 153, 75 S.Ct. at 197.
But while Knight did not waive his right to assail his conviction, his attack is unavailing, since there was sufficient evidence to establish, independent of the confession, that the specific crime of robbery charged in the information had been committed.[2]
All other points on appeal being either without merit or not preserved below, Knight's convictions for first-degree murder and robbery are
Affirmed.
NOTES
[1] The concerns underlying the prophylactic rule precluding a conviction solely on a confession are not the same where, for example, the defendant's testimony at trial is used to supply the missing proof of corpus delicti, see Alvarez v. State, 403 So.2d 1005 (Fla. 3d DCA 1981) or where res gestae statements made by the defendant supply the proof of corpus delicti, see State v. Snowden, 345 So.2d 856 (Fla. 1st DCA 1977). In the latter instances, the statements made by the defendant are not induced by possible police pressure and thus are not of suspect reliability.
[2] The victim was found dead from strangulation and battering, his wallet and its contents removed from his person. These circumstances clearly tended to show that a robbery of the victim occurred, and therefore established the corpus delicti. See Ussery v. State, supra. The corpus delicti, in conjunction with the completely consistent and detailed confession of Knight, was more than adequate to prove the guilt of the defendant beyond a reasonable doubt.