ZEHMER, Judge.
M.L.K., a juvenile offender, appeals his conviction of dealing in stolen property, section 812.019, Florida Statutes, on two grounds: (1) that the trial court erred in admitting appellant’s incriminating statements in the absence of sufficient independent evidence to establish the corpus de-licti, and (2) that the state failed to prove beyond a reasonable doubt that appellant intended to participate in the crime. We affirm.
On July 29, 1983, a citizen of Leon County, Bill Lewis, complained to the sheriff’s department that a Shakespear trolling motor he purchased for $300 from K-Mart two months earlier had been stolen. On September 1, 1983, appellant was charged in a petition of delinquency with dealing in stolen property, i.e., the stolen motor. He pleaded not guilty and received a nonjury trial. At the close of both the state’s case and his own, appellant moved for a judgment of acquittal on the grounds that the state had failed to prove he knew the motor was stolen or that he facilitated the sale. Both motions were denied. At the close of trial, the court found that appellant had admitted he knew the motor was stolen and that he had facilitated the sale by transporting the motor in his car to the place where it was sold. Appellant was adjudicated delinquent and placed on community control.
At trial, Detective White testified that after meeting with Lewis, on August 4, 1983, he questioned C.R., a codefendant, about the theft of the motor and that C.R. implicated both M.B. and appellant; that on the same day he interviewed appellant and M.B., and both denied the motor was stolen; that he asked them to return the following day, August 5, which they did; that they then told Detectives. Johnson and White they did not steal the motor, but had known it was stolen; that the three of them, C.R., M.B., and appellant had unsuccessfully attempted to sell the motor at several pa\yn shops, all of which were closed because it was Sunday; that the three had returned to appellant’s house, *755 where several phone calls were made, one to Mr. Chester, who indicated interest in purchasing the motor; and that the three had driven in appellant’s car to Chester’s service station, where they had bargained with Chester for the sale of the motor.
M.B. testified that although C.R. said the motor belonged to him, M.B. suspected it was stolen because C.R. did not own a boat. But M.B. also testified he did not tell White on August 5 that he knew the motor was stolen. Appellant testified he did not know the motor was stolen and he did not tell White on August 5 that he knew at the time of the sale that it was stolen. M.B. and appellant both testified they remained in the car while C.R. went into the service station to see Chester but about five minutes later they left the car and went into the station, where they observed C.R. and Chester close the sale.
Regarding appellant’s first issue, we conclude that the state presented evidence, independent of appellant’s statements, sufficient to establish the corpus delicti[1] and, thus, permit admission of those statements in evidence.[2] Prima facie evidence of the corpus delicti, or the elements of the crime with which a defendant is charged, must be established by independent evidence before a confession to the crime may be used to prove guilt. State v. Allen, 335 So.2d 823 (Fla.1976); Ruiz v. State, 388 So.2d 610 (Fla. 3d DCA 1980); Ussery v. State, 382 So.2d 380 (Fla. 3d DCA 1980). The statutory offense of dealing in stolen property is defined in section 812.019(1):
Any person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree ....
Trafficking is defined in section 812.012(7): ‘Traffic’ means:
(a) To sell, transfer, distribute, dispense, or otherwise dispose of property.
(b) To buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property.
The elements of the offense are (1) that the defendant traffic or attempt to traffic in property, Coley v. State, 391 So.2d 725, 727 (Fla. 1st DCA 1981), (2) that he knows or should know to be stolen. State v. Rios, 409 So.2d 241, 243 (Fla. 3d DCA 1982).
The corpus delicti was established by Lewis’s testimony that his $300 Shakespear trolling motor had been stolen, Chester’s testimony that he bought a similarly described motor from C.R. while M.B. and appellant observed from a distance, and the state’s showing that the motor stolen from Lewis was the same motor sold to Chester. This evidence, independent of appellant’s statements, authorized a reasonable inference that the crime charged had been committed. See, State v. Allen, supra, at 824, 825; Ruiz v. State, supra, at 612. The state met its preliminary burden of establishing a prima facie corpus delicti and, thus, laid a sufficient predicate for the admission of appellant’s' incriminating statements.
Appellant further argues that even if his incriminating statements are admissible, the trial court nevertheless erred in denying his motion for judgment of acquittal because there is a reasonable hypothesis of innocence regarding the element of his intent which precluded the court’s find *756 ing beyond a reasonable doubt that he knew the motor was stolen, citing Davis v. State, 90 So.2d 629, 631 (Fla.1956), and Gains v. State, 417 So.2d 719 (Fla. 1st DCA 1982). The cited cases involved proof of criminal intent based solely on circumstantial evidence in the absence of a confession or admission of guilty knowledge. Since appellant’s admission of guilty knowledge was properly received in evidence, the state was not compelled to rely solely on circumstantial evidence of criminal intent. White’s testimony regarding appellant’s incriminating statement supplied direct evidence of appellant’s guilty knowledge, at the time of the sale, that the motor had been stolen. Although appellant denied admitting to White that he was aware the motor was stolen, the evidence on this issue was conflicting. The credibility and probative force of conflicting testimony is not determined on a motion for judgment of acquittal. Lynch v. State, 293 So.2d 44, 45 (Fla.1974). The trial court properly denied appellant’s' motion for judgment of acquittal.
AFFIRMED.
SHIVERS and THOMPSON, JJ., concur.

. This Latin phrase means, literally, "the body of the crime.” It is regularly used in appellate decisions to mean the legal elements necessary to show that a crime was committed. State v. Allen, 335 So.2d 823, 824, n. 2 (Fla.1976).

. Appellant, citing Knight v. State, 402 So.2d 435 (Fla. 3d DCA 1981), asserts that his failure during trial to object to the introduction of his incriminating statements on the ground that the corpus delicti had not been established is not fatal to his present claim that he was entitled to judgment of acquittal since his conviction was obtained on the confession alone. While we agree with Judge Pearson's opinion in Knight v. State, supra, that sufficient evidence of corpus delicti is not only a predicate to the admission of a confession but is, as well, the sin qua non of conviction, application of that principle is not necessary here because the state adequately established the corpus delicti and did not stand on the lack of such objection as a basis for affirmance.