## ANDERSON v STATE OF FLORIDA
Case No. 90-401 (County Court Case No. 019-848IM)

Thirteenth Judicial Circuit, Hillsborough County

May 10, 1990

### APPEARANCES OF COUNSEL

**Daniel Kirkwood, Esquire,** for appellant.

**James M. Barton, II., Esquire,** for appellee.

The Appellant contends that the Trial Court committed error in admitting his extra-judicial statements into evidence that he was the operator of a motor vehicle prior to the establishment of the corpus delicti of the crime of D.U.I. The Appellee responds that no such error was committed because the Appellant never objected to the admission of these statements.

The Appellee is correct. At no time did the Appellant make a timely objection to the introduction of his statements based on the fact that the corpus delicti was not established. The only objection made was predicated on the "accident report privilege" (R.27) and the Appellant does not argue in this Appeal that the Trial Court erred in overruling that objection. Thus any error in admitting these statements may not be reviewed on appeal in the absence of a timely objection below. *McRae v State,* 383 So.2d 289 (Fla. 2d DCA 1980).

Nor can this Court consider this issue in the context of the Trial Court's denial of the Appellant's Motion for Judgment of Acquittal as contemplated by *Knight v State,* 402 So.2d 435 (Fla. 3d DCA 1981). The Appellant's perfunctory Motion for Judgment of Acquittal (R.40) was inadequate to preserve for Appellate review the sufficiency of the evidence to sustain his conviction. *Williams v State,* 531 So.2d 212 (Fla. 1st DCA 1980) and *Johnson v State,* 478 So.2d 885 (Fla. 3d DCA 1985).

Therefore, the Appellant's judgment and conviction for D.U.I. is *affirmed.*