WHATLEY, Judge,
dissenting.
I respectfully dissent The codefendant who testified for the State stated more than M.P.W. simply handled the jewelry and returned it to others. The codefendant testified that while at the party, he saw M.P.W. sitting at a table at the victim’s home trading jewelry with three other boys. The code-fendant was asked, “At what point did you see [M.P.W.] with those items?” He replied, “I was sitting at the table. All of them were talking about what jewelry they took out of the room and, uh, saw him with them in his hand. I said said[sie] let me see it and then I was looking at it and I said where ya’ll get all these from, he said out of the room of the McKenney’s house then I gave them back to him and I left.”
This testimony, if believed by the trier of fact, is sufficient for a conviction. The trier of fact determines who speaks the truth, and it is not appropriate for an appellate court to substitute its judgment for that of the trier of fact. See Martin v. State, 134 Fla. 174, 183 So. 634 (1938). It is also the function of the trier of fact to draw or refuse to draw inferences from the evidence, and its determination should be afforded great weight. See Ford v. State, 251 So.2d 562 (Fla. 3d DCA 1971). Where there are different inferences to be drawn, a judgment of acquittal should not be granted. See Minnis v. State, 645 So.2d 160 (Fla. 4th DCA 1994); Anderson v. State, 504 So.2d 1270 (Fla. 1st DCA 1986).
This testimony constitutes direct evidence of the theft. See M.L.K v. State, 454 So.2d 753 (Fla. 1st DCA 1984). “Direct evidence is that to which the witness testifies of his own knowledge as to the facts at issue.” Davis v. State, 90 So.2d 629, 631 (Fla.1956).
In addition, section 812.022(2), Florida Statutes(1993), provides “[p]roof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.”
The trial judge made a specific finding that credibility rested with the witnesses presented by the State, and it was his function to draw or refuse to draw inferences from their testimony. Based on the foregoing, I would affirm the delinquency adjudication for grand theft.