DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT MAGNESON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-3409

[May 8, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Sherwood Bauer, Jr., Judge; L.T. Case No. 432019CF000289A.

Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Pablo I. Tapia, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his convictions for one count of manslaughter with a weapon (as a lesser included offense of second degree murder), and one count of tampering with physical evidence. The defendant also challenges his habitual felony offender ("HFO") designation resulting in a life sentence on the manslaughter with a weapon conviction.

We affirm without further discussion the defendant's manslaughter with a weapon conviction, as well as the defendant's HFO designation and life sentence on that conviction. *See Maye v. State*, 368 So. 3d 531 (Fla. 6th DCA 2023), *rev. granted*, No. SC2023-1184 (Fla. Apr. 25, 2024).

However, we reverse the defendant's tampering with physical evidence conviction, because the state's insufficient evidence to prove that crime constituted fundamental error.

Section 918.13, Florida Statutes (2018), entitled "Tampering with or fabricating physical evidence," pertinently provides:

(1) No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall:

(a) Alter, destroy, _conceal, or remove any_ record, document, or _thing with the purpose to impair its_ verity or _availability in such proceeding or investigation_ ....

§ 918.13(1)(a), Fla. Stat. (2018) (emphases added).

Here, the defendant told police that after leaving the incident scene, he had taken the knife used in the incident to his home and then left the knife on, or next to, his front porch. The police never recovered the knife. At trial, the state argued the defendant was guilty of tampering with physical evidence merely because he had left the crime scene with the knife and the knife was never recovered.

On appeal, the defendant argues his mere taking of the knife from the crime scene, without any evidence that his purpose in doing so was to "impair [the knife's] ... availability" for a criminal trial or investigation, was insufficient to establish the crime of tampering with physical evidence, regardless of the fact that the police never recovered the knife. We agree with the defendant's argument.

_Pender v. State,_ 362 So. 3d 290 (Fla. 5th DCA 2023), on which the defendant relies, is instructive. There, the state's only evidence of the defendant's concealment of the firearm which he used to shoot the victim was his post-arrest statement to law enforcement that he had thrown the gun "in the river." _Id._ at 291. The Fifth District reversed the defendant's tampering with physical evidence conviction, reasoning:

> [T]o commit the crime of tampering with [physical] evidence, a defendant must either "alter," "destroy," "conceal," or "remove" a thing with the purpose of impairing its verity or availability in a criminal proceeding or investigation. In the instant case, the State had no evidence to show or prove that [the defendant's] gun was "altered." Next, the only evidence from the State to show that [the defendant's] gun was either "destroyed," or "concealed" was [his] confession, which, by itself, is insufficient to prove the crime. _See_ [_State v._] _Allen,_ 335 So. 2d [823,] 825 [(Fla. 1976)]. The question thus comes down to whether the State's proof that [the defendant] shot

2

the victim and then "removed" the firearm from the scene by driving away with it, without more, was the requisite independent substantial evidence to establish the corpus delicti of the crime of tampering with [physical] evidence. *See Sciortino v. State*, 115 So. 2d 93, 99 (Fla. 2d DCA 1959) ("Direct evidence of one offense may not be used as proof of corpus delicti of another crime.").

We conclude that it was not. <u>The crime of evidence tampering is a specific intent crime.</u> *McNeil v. State*, 438 So. 2d 960, 962 (Fla. 1st DCA 1983). As such, because the language of the applicable version of section 918.13(1)(a) required that removal of a thing be done "with the purpose to impair its verity or availability," <u>the requisite intent cannot be inferred from commission of the physical act component of the offense, i.e., removal of the gun from the scene</u>. *See Linehan v. State*, 442 So. 2d 244, 247 (Fla. 2d DCA 1983).

Simply stated, under the facts of this case, without [the defendant's] confession, the State had no separate substantial evidence of [his] intent or purpose in taking his gun from the scene. …

*Id.* at 292 (emphases added; internal footnote omitted).

As in *Pender*, here, other than the defendant's own statement, which did not reveal the defendant's specific intent or purpose in taking the knife from the scene, the state presented no separate substantial evidence to prove the defendant's specific intent or purpose in taking the knife from the scene. Thus, the state's evidence that the defendant stabbed the victim and then "removed" the knife from the scene, without more, did not provide the requisite evidence to establish the corpus delicti of the crime of tampering with physical evidence.

The state's answer brief does not address *Pender*. Rather, the state responds the defendant "fails to meet his high, fundamental-error burden," because he "cannot demonstrate that the evidence fails to sufficiently support the commission of *any* crime[, i.e.], he cannot point to the concealment of the knife from law enforcement as an innocent activity." However, the state did not present any evidence that the defendant had "concealed" the knife, much less "with the purpose to impair its … availability" in a criminal trial or investigation as required.

3

Based on the foregoing, we reverse the defendant's tampering with physical evidence conviction and sentence, and remand with directions to the trial court to enter a judgment of acquittal on that count. *See Pender*, 362 So. 3d at 293. The defendant need not be present for this ministerial action.

As stated above, the defendant's conviction and life sentence for manslaughter with a weapon, including the defendant's HFO designation, are affirmed without further discussion.

*Affirmed in part, reversed in part, and remanded with directions.*

GROSS and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4